No. 37,642

KENNETH MARK TULEY, *Appellee,* v. ROSE MARIE DEMARAY TULEY, *Appellant.*

(211 P. 2d 95)

Opinion filed November 12, 1949.

*Ralph H. Noah,* of Beloit, argued the cause, and was on the briefs for the appellant.

*N. J. Ward,* of Belleville, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The principal question presented for review is whether the trial court erred in granting plaintiff, the husband, a divorce.

A review of the record discloses that although appellant attacks the orders overruling her demurrer to plaintiff's evidence and various motions the principal issue presented in all the rulings is whether the evidence justified the granting of a divorce on the ground of either gross neglect of duty or extreme cruelty. The court granted a divorce on both grounds.

Appellant requested that appellee be required to file a bill of particulars. He did so. We shall not set it out. In our opinion allegations contained therein are precisely such as the legislature intended should not be made a part of the public records unless that be actually necessary when it enacted G. S. 1935, 60-1519. The purpose of this statute received the consideration of this court in *Stegmeir v. Stegmeir,* 158 Kan. 511, 148 P. 2d 755. We there quoted with approval a comment on the statute made by the judicial council in April, 1935. Among other things that comment concerning the statute contained the following pertinent statement:

"Its purpose is to avoid having scandalous matter relating to a party to the action appear upon the permanent record or in the files of the court, *unless that should be actually necessary.*" (Our italics.)

The fact these allegations should not be made a part of the public records does not, however, mean this court should not have them for its information in the event of an appeal. The statute expressly provides the bill of particulars shall be made a part of the abstract when the question sought to be reviewed relates to such allegations.

The bill of particulars is before us. It would seem to us the true legislative intent and purpose of the statute would be materially im-

paired, if not destroyed, if this court should on review set forth in its permanent public reports the allegations contained in the bill of particulars and the evidence pertaining thereto "unless that should be actually necessary." In this case we do not think it is necessary. These were young people. Appellee's parents are not living. He was reared by two aunts. Appellant was a country school teacher nineteen years of age at the time the action was tried. Appellant's parents are good people. The families had been on friendly terms. Both parties to this action have some admirable qualities. There is no reason to believe they may not each succeed in a new marital venture if such an undertaking is not made additionally difficult by scandalous matters unnecessarily spread on the public records.

Appellant directs attention to the fact the parties were married May 9, 1948, appellant left appellee on or about June 1 and this action was commenced June 12, 1948. Her counsel insists that since complete abandonment of appellee for one year would be necessary to constitute grounds for divorce on the ground of abandonment a divorce cannot be awarded for gross neglect of duty during the short period previously designated. Assuming this would always be true it is not the only ground on which a divorce was sought.

Studious examination and consideration of this record has led us to conclude we cannot say the record is without any substantial evidence to support the decree on the ground of extreme cruelty. Appellant admits any unjustified and long practiced course of conduct by one spouse towards the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty though no physical or personal violence may be inflicted or threatened. (*Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127; *Carpenter v. Carpenter,* 165 Kan. 42, 46, 193 P. 2d 196.) It is insisted, however, that in the instant case there was no long practiced course of such conduct. In addition to the foregoing statement from the Hayn and Carpenter cases should be added the following also contained in the Hayn case:

"Under some circumstances it may not be necessary that such conduct should continue over a long period to constitute extreme cruelty." (p. 193.)

In the present case there was not only circumstantial but direct evidence which the trial court could and did believe that appellant's acts deeply wounded appellee's feelings, worried him greatly and that the legitimate ends and objects of matrimony had been utterly

destroyed thereby. On the other hand the trial court found, and there is evidence to support the finding, that appellee was not guilty of the wrongful conduct claimed by appellant. These facts were sharply disputed and the trial court resolved the conflict of testimony in appellee's favor.

Appellant further argues there must be corroboration touching the *statutory grounds* for divorce and that mere corroboration of indignities and abuses which are not grounds for divorce is insufficient. That is true. (*Walton v. Walton,* 166 Kan. 391, 202 P. 2d 197.) Manifestly it is often exceedingly difficult to obtain corroborating testimony concerning the conduct between spouses. Such difficulty, of course, does not eliminate the statutory requirement for corroboration. (*Walton v. Walton,* supra.) But we think we cannot say there was no corroborating testimony.

Furthermore, in addition to direct testimony the trial court had a right to draw reasonable inferences from the testimony of appellant, as well as from that of other witnesses, which pertained to the ground of extreme cruelty.

In the Walton case, we said:

"With respect to legitimate inferences which reasonably might be drawn from the evidence on that point we manifestly would refuse to interfere with the findings of a trial court in the event there was testimony to support such an inference." (p. 393.)

It would be exceedingly difficult, if not impossible, to say there was no direct corroborating testimony or testimony of a corroborating character from which inferences of extreme cruelty reasonably could not be drawn.

Appellant complains concerning the sustaining of an objection to a question her counsel asked one of appellee's witnesses on cross-examination. The witness was a woman thirty-eight years of age who had worked in the farm home of appellee for a number of years. The witness and appellee had been reared by two aunts. The witness continued to work in the farm home of appellee and appellant after their marriage. The relations between her and appellant were harmonious and the witness was clearly welcomed by appellant. In fact appellant confided in this witness concerning her marital trouble. The objection sustained was to a question which sought to elicit the compensation or terms under which she was employed. It was argued the question was competent for the purpose of showing the bias and prejudice of the witness. Although considerable lati-

tude of inquiry is ordinarily and properly allowed on cross-examination for the purpose of showing bias and prejudice of a witness the extent of such inquiry rests in the sound discretion of the trial court. While the trial court might well have admitted the testimony we shall not say its exclusion constituted an abuse of sound judicial discretion. This action was not tried by a jury but by the court. The trial judge may have concluded the compensation the witness was receiving, or even if she were actually rendering some of her services gratuitously, would not in his opinion affect the credibility of this witness.

Another complaint strenuously urged pertains to the exclusion of affidavits of two doctors. No notice was given of intention to use the affidavits as required by G. S. 1935, 60-2835. The affidavits were properly excluded. It is true the court stated the same testimony would not be admitted if it were contained in depositions. We think the ruling was not prejudicially erroneous, if erroneous at all.

Appellant argues the court should have admitted evidence touching the reputation of appellant for honesty and morality and that the same testimony should have been admitted concerning a young man with whom appellant had previously kept company. It is true the court might with propriety have admitted such testimony. On the other hand it cannot well be said its exclusion constituted reversible error. Appellant states these matters were presented on the hearing of the motion for a new trial. We must assume the trial judge reconsidered his previous ruling and concluded that even if he had admitted such evidence it would not have altered his decision. (*Scott v. Southwest Grease & Oil Co.*, 167 Kan. 171, 177, 205 P. 2d 914.)

Appellant further contends the decision was rendered by the court under the influence of passion and prejudice. The complaint was included in the motion for a new trial and has been fully examined. There are a few instances in the record which indicate the trial judge may have been somewhat impatient and perhaps unnecessarily abrupt. In any event the contention the decision was based on passion and prejudice is not sustained by what is contained in the record.

The judgment is affirmed.