No. 43,066

HELEN CARTER, *Appellee,* v. CHARLES CARTER, *Appellant.*

(379 P. 2d 311)

Opinion filed March 2, 1963.

*Charles F. Forsyth,* of Erie, argued the cause, and *Clark M. Fleming,* of Erie, was with him on the briefs for the appellant.

*Charles E. Henshall,* of Chanute, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action by plaintiff (appellee) Helen Carter against her husband, defendant (appellant) Charles Carter, for a divorce, custody of the minor children and a division of their acquired property.

The trial court entered judgment granting a divorce to the wife on the ground of extreme cruelty on the part of the husband, made provisions for the custody and maintenance of the minor children, and made an equitable division of property.

The husband appeals on the sole ground that the competent evidence of the wife's corroborative witnesses was insufficient to justify the granting of the divorce and the consequential relief prayed for in her petition.

In his brief and oral argument on appeal defendant admits the judgment of the trial court must be upheld if the wife's testimony of cruel treatment is in any way corroborated. The record in this case is replete with evidence showing a course of conduct on the part of defendant toward his wife which tended to humiliate and degrade her and which could properly be characterized as extreme cruelty.

The record discloses the parties were married in 1944 and soon thereafter began having trouble. In 1955 they had a disagreement over increasing the family, the husband wanting another child, the wife fearing pregnancy. At the instigation of the husband they consulted a marriage counselor. In 1960 at the instigation of the husband the parties again sought marriage counseling. In July of 1961 the wife called a police officer claiming her husband had struck her. The officer testified he responded to the call and found the wife upset and crying; that in the presence of the husband she told him her husband struck her; that he observed the right side of her face was red; and that he advised both of them, since this was family trouble, to see an attorney.

Mrs. Ross, a baby sitter, testified that on one occasion when she approached the house she heard defendant cursing and calling his wife a liar; that she then left the premises without going into the house.

Mrs. Bryant testified she saw black and blue marks on plaintiff's arms; that when the Carters visited her home they argued all of the time; that she had heard defendant call the plaintiff dirty names [the specified names need not be printed herein]; that she accompanied both the plaintiff and defendant on a two-week trip from Chanute to Illinois by way of the Ozarks, and that defendant argued with the plaintiff throughout the entire trip.

Ellen Carter, defendant's mother, testified she knew plaintiff and defendant were having trouble through the years ever since their

marriage; that she knew plaintiff and defendant went to a marriage counselor in Topeka, Kansas.

The parties' son testified that his father and mother argued frequently. The daughter testified she wished her father would be kinder to her mother.

No useful purpose would be gained in further narrating the evidence contained in a record consisting of more than 175 pages of testimony of some 30 witnesses.

Extreme cruelty as contemplated by the divorce statute is no longer regarded as being limited to acts of physical violence, nor need it connote viciousness but only conduct which is unusual, disapproved and not conducive to the normal acts in accepted society. It is now generally held that any unjustifiable and long-practiced course of conduct by one spouse toward the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty though no physical or personal violence may be inflicted or threatened. Under some circumstances it may not be necessary that such conduct should continue over a long period to constitute extreme cruelty. It is not necessary that the corroboration support plaintiff's allegations throughout the course of mistreatment or as to every detail of plaintiff's testimony. The principal reason for the requirement of corroboration has been, and is, for the prevention of collusion between the parties to a divorce. It is not essential that it alone sustain the judgment or that it support the plaintiff's testimony as to all of the allegations. Such a strict requirement might tend to thwart justice owing to the privacy of the relations between the parties. (*Brown v. Brown*, 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102; *Hoppe v. Hoppe*, 181 Kan. 428, 312 P. 2d 215.)

In the instant case there was nothing in the record to indicate collusion, and the corroborative evidence fulfilled the requirements of our code (G. S. 1949, 60-1509). Furthermore, there was not only direct and corroborative testimony but also circumstantial evidence which the trial court could and did believe that defendant's actions deeply wounded plaintiff's feelings and worried her greatly, and that the legitimate ends and objects of matrimony had been utterly destroyed thereby. Corroborative testimony may be circumstantial as well as direct. A decision based on testimony corroborative in character and convincing to the trier of the facts will not be disturbed on appeal. (*Kelso v. Kelso*, 182 Kan. 665, 324 P. 2d 165; *Tuley v. Tuley*, 168 Kan. 106, 211 P. 2d 95; *Hoppe v. Hoppe*, supra.)

In view of what has been said we are of the opinion that the record clearly discloses corroborative evidence, both direct and circumstantial, sufficient to fulfill the requirements of our code and to support the judgment rendered by the trial court, and the judgment must be affirmed.