No. 44,363

JOAN C. MORAN, *Appellee,* v. DONALD F. MORAN, *Appellant.*

(411 P. 2d 677)

Opinion filed March 5, 1966.

*John Anderson, Jr.,* of Olathe, argued the cause, and was on the brief for the appellant.

*Thomas R. Martindale,* of Overland Park, argued the cause, and *David R. Gilman,* of Overland Park, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This appeal is the outgrowth of a divorce action initiated by Joan C. Moran (plaintiff-appellee) in which she charged her husband, Donald F. Moran (defendant-appellant), with gross neglect of duty and extreme cruelty. Defendant answered and filed a cross petition for divorce on the grounds of adultery, gross neglect of duty and extreme cruelty. After a full and complete hearing, the trial court, on February 15, 1965, granted a divorce to each of the parties on the grounds of gross neglect of duty and extreme cruelty; divided net assets valued at $7,660— $4,270 to the plaintiff and $3,390 to the defendant; awarded alimony to the plaintiff in the amount of $325 per month "until her death or remarriage;" granted custody of the minor child to the plaintiff, subject to reasonable visitation by the defendant; and ordered the defendant to pay child support of $225 per month until further order of the court. Defendant filed a motion for new trial, which was overruled, and he now appeals.

Briefly, the questions presented for review are adequately specified by defendant's contentions that (1) the evidence did not support the judgment granting plaintiff a divorce; (2) the award of alimony was excessive and unreasonable; and (3) the granting of custody of the minor child to the plaintiff was contrary to the weight of the evidence.

The record reveals the parties were married August 14, 1948, and have one son twelve years of age. The plaintiff is now thirty-seven years of age. The defendant is assistant controller at Hallmark Cards and his annual income is approximately $18,550. Sometime during the marriage plaintiff started a ceramics business, which venture was apparently unsuccessful, for she lost $2,500; but at the time of the divorce it does not appear she was employed.

Discord developed early in the marriage and steadily progressed to the time divorce proceedings were commenced. No useful purpose would be accomplished in detailing the evidence of either party. Specific findings of fact were not made by the trial court; however, the record is replete with evidence of misconduct on the part of the plaintiff which warranted the court's finding that defendant was entitled to a divorce.

Defendant first contends the court erred in granting a divorce to the plaintiff because there was insufficient evidence to support the

plaintiff's allegations of grounds for divorce and to corroborate her testimony. We note defendant does not question the authority of a trial court to grant a divorce in a proper case when both parties are found to be at equal fault. The plain terms of K. S. A. 60-1606 empower the court to grant as well as to refuse a divorce in such instance.

The only evidence relating to plaintiff's grounds for divorce was her own testimony which disclosed that the parties' bed was broken, the defendant would not repair it, and for a period of time she slept in a separate bed in the guest room; that an uncle finally repaired the bed, and when she attempted to return to the bed the defendant told her to get out because he liked to sleep alone; that she attempted to return to the bed on several occasions but was rebuffed by the defendant, and finally he moved into the guest room, where he slept until they separated; that defendant told her he no longer loved her but they could live together until the child was reared; and that she asked defendant to seek a marriage counselor but he refused. She also complained the defendant did not cooperate in disciplining the child.

In view of our ultimate conclusion that there was insufficient evidence presented to corroborate the plaintiff's testimony, we need not burden the opinion by determining whether or not plaintiff's evidence supported her allegations of grounds for divorce. Suffice it to say, her evidence was meager.

The evidentiary requirement that the testimony of the complaining spouse relating to the delinquencies of the other spouse alleged as grounds for divorce must be corroborated by evidence is firmly entrenched in the statutory provisions of our law on divorce and separate maintenance. K. S. A. 60-1609 (*d*) provides that a decree of divorce or separate maintenance shall not be granted upon the uncorroborated testimony of either party or both of them. The statute creates a fixed rule without exception, and courts are not permitted to frustrate its intendment by reading exceptions into it. (*Lindeman v. Lindeman,* 195 Kan. 357, 404 P. 2d 958; *Kelso v. Kelso,* 182 Kan. 665, 324 P. 2d 165.) The purpose of the statute is to prevent parties seeking a divorce or legal separation from obtaining relief by collusion or connivance. (*Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746; *Hoppe v. Hoppe,* 181 Kan. 428, 312 P. 2d 215.)

In testing the sufficiency of evidence for corroborative purposes, the evidence may be circumstantial as well as direct. (*Carter v. Carter*, 191 Kan. 80, 379 P. 2d 311; *Stegmeir v. Stegmeir*, 158 Kan. 511, 148 P. 2d 755.) It is not essential that such evidence alone sustain the judgment; nor must each and every detail of a party's testimony be corroborated. (*Saint v. Saint*, 196 Kan. 330, 411 P. 2d 683.) Mere corroboration of indignities and abuses which do not relate to the grounds for divorce is insufficient. The requirement is met, however, if there exists corroborated testimony of acts or conduct sufficient to justify a judgment of divorce on statutory grounds. (*Gardner v. Gardner*, supra; *Kelso v. Kelso*, supra; *Tuley v. Tuley*, 168 Kan. 106, 211 P. 2d 95.)

With the foregoing rules in mind, let us examine the evidence on which plaintiff relies to corroborate her testimony. Mary Robbins and Joan Buddenhagen appeared as witnesses on behalf of the plaintiff and said to their knowledge she conducted herself as a lady, that she cared for her son as a good mother, and that the defendant was a good father. Ruth Firling, another witness for the plaintiff, testified the marriage was not a happy one, that she had visited the home of the parties on many occasions and had seen defendant's shoes and clothing in the family room and bedroom off the family room, which indicated to her the parties were not staying together in the same bedroom.

Although the testimony of the witnesses Robbins and Buddenhagen hardly reaches the dignity of being character evidence, even if it were, it is legally insufficient. Neither of them testified about matters pertaining to the alleged faults of the defendant. In *Frye v. Frye*, 134 Kan. 3, 4 P. 2d 415, this court, in discussing the effect of somewhat similar evidence presented for corroborative purposes, said:

". . . there was no testimony produced as to the alleged delinquencies of the defendant, except that given by the plaintiff. He did introduce six other witnesses who testified only as to the reputation and standing in the community of the plaintiff. They stated that his character and reputation were good, that he was regarded to be an honest, industrious, truthful and peaceable man, *but none of them testified as to any defaults of the defendant.* So there was no corroboration of the plaintiff's testimony as to the neglect of the wife of marital duties. This cannot be regarded as a compliance with the statute barring the granting of a divorce upon the uncorroborated testimony of the husband or wife. . . ." (p. 4.) (Emphasis added.)

The evidence of the witness Firling, so far as it related to the conduct of the parties, was that there were indications they were not occupying the same bedroom. It would be resorting to sheer speculation to say that testimony of boudoir incompatibility, even if sufficient to constitute a ground for divorce, is corroborated by evidence of the husband's clothing being observed in a part of the house other than his wife's bedroom. Furthermore, the record fails to disclose that the occasions on which the witness saw the defendant's clothing in other rooms in the home were during the time plaintiff alleges defendant refused to occupy the same bed with her. We are of the opinion this testimony falls short of the corroboration requirement of K. S. A. 60-1609($d$); nor do we find one scintilla of corroboration of the plaintiff's other complaints against the defendant.

In *Walton v. Walton,* 166 Kan. 391, 202 P. 2d 197, this court had before it similar evidence which could be considered of a more positive nature than that in the instant case. There, corroboration consisted of evidence that the defendant wife had moved from the room where the parties had slept, and further, that she finally moved out of the home. The court held these acts did not corroborate the acts of extreme cruelty, which were the real bases for the divorce, and that corroborating evidence must pertain to the grounds upon which a divorce is sought and may be obtained.

Plaintiff argues that because of the very nature of her complaints against her husband it was difficult, if not impossible, to obtain corroborative evidence, and therefore the rule should be relaxed in this case. For us to adopt such reasoning would be to engraft an exception to the statute which the legislature did not see fit to provide. Furthermore, in *Lindeman v. Lindeman,* supra, it was stated:

"Even though it may be exceedingly difficult to obtain corroborating testimony concerning the conduct between spouses, such difficulty does not eliminate the requirement for corroboration. (*Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95.) Of course, where an essential fact is difficult of proof the corroboration of that fact may in some cases be sufficient though weak. (*Walton v. Walton,* supra.)" (p. 358.)

In examining the record, we find the evidence wholly insufficient to corroborate plaintiff's testimony relating to the alleged acts of extreme cruelty and gross neglect of duty, and hold that the trial court erred in granting the plaintiff a divorce from the defendant.

Defendant next contends that the award of alimony was excessive and unreasonable and therefore constituted an abuse of discretion

by the court. Defendant, however, does not question the trial court's authority to award alimony in periodic payments until death or remarriage of the plaintiff. In fact, the legislature, in its wisdom, has conferred the authority by the terms of K. S. A. 60-1610( *c* ), the pertinent portion of which provides:

"*Maintenance.* The decree may award to either party an allowance for future support, denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all of the circumstances. The decree may make the future payments conditional or terminable under circumstances prescribed therein. The allowance may be in a lump sum or in periodic payments or on a percentage of earnings or on any other basis. . . ."

Although the statute is new—and obviously the trial court has great latitude in providing for "future support"—the general guidelines recognized as proper by this court in cases arising under the prior statute ( G. S. 1949, 60-1511), which authorized alimony only where divorce was granted for the fault of the husband, are not to be discarded.

In *Meads v. Meads,* 182 Kan. 361, 320 P. 2d 830, this court said:

". . . We have repeatedly held that in fixing the amount [of alimony], the trial court is required to take into consideration the conduct of the parties, the needs of the wife, the present and future earning capacity of the husband, the amount of property owned by the parties, how and when the property was acquired, and all other facts and circumstances disclosed by the evidence. . . ." (p. 363.)

Also, see *Carlot v. Carlot,* 168 Kan. 600, 215 P. 2d 200, and cases cited therein.

In *Zeller v. Zeller,* 195 Kan. 452, 407 P. 2d 478, it was pointed out that under K. S. A. 60-1610 ( *c* ) alimony may be awarded to a party, irrespective of fault. In other words, alimony may now be awarded to a wife where the circumstances require even though she is not the innocent party. In *Zeller* we noted certain factors which may be considered in determining the amount of alimony, namely, ages of the parties, duration of the marriage, the property owned by the parties, their respective and future earning capacities, and the needs of the wife. Although conduct of the parties was not mentioned as a factor, nothing therein was said, or intended, to exclude it as an element which may be considered. Additional factors have been suggested in *Saint v. Saint,* supra.

The mandatory requirement of our former statute ( G. S. 1949, 60-1511), that alimony in some amount *must* be allowed to a wife

when she is granted a divorce for the husband's fault (*Meads v. Meads,* supra; *Grimes v. Grimes,* 179 Kan. 340, 295 P. 2d 646), has been tempered by K. S. A. 60-1610 (*c*), under which alimony *may* be awarded. A plain reading of the statute indicates that its terms are to be invoked when one party's needs and the other party's ability to pay are such that support should be ordered. The trial court is possessed of considerable judicial discretion in making an award of alimony which is fair, just and equitable under all the circumstances, and absent manifest abuse thereof, its judgment will not be disturbed on appeal. If alimony is awarded at the time of the decree, future changes in the circumstances of the parties may be considered at the appropriate time, for under the statute the court retains jurisdiction to modify the amounts or conditions for payment of that portion which has not become due as long as it does not have the effect of increasing or accelerating the liability beyond that originally prescribed.

A considerable portion of the defendant's brief on this point is devoted to the argument that when the plaintiff's past conduct is considered, the alimony award is excessive, and clearly constitutes an abuse of discretion. We need not expressly decide the question, for it would appear from the record that the trial court determined the amount of alimony in light of its finding that the plaintiff, as well as the defendant, was entitled to a divorce. Under such circumstances, and in view of our conclusion that the court erred in granting a divorce to the plaintiff, the amount of alimony to which she is entitled must be reconsidered. In doing so, the conduct of the parties, as well as the other factors noted in *Zeller* and *Saint,* may properly be taken into consideration.

Defendant lastly contends that the record shows the weight of the evidence warranted an order granting him custody of the minor child. Nothing would be gained by reciting the evidence touching upon the care and discipline of the child. The rule is well established in this jurisdiction that when the custody issue lies only between the parents, the paramount consideration of the court is the welfare and best interests of the child. The trial court is in the best position to make the inquiry and determination, and in the absence of abuse of sound judicial discretion, its judgment will not be disturbed on appeal. (*Bergen v. Bergen,* 195 Kan. 103, 403 P. 2d 125; *Gardner v. Gardner,* supra; *Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167.) We have carefully reviewed the record and we

are unable to find anything therein that would affirmatively indicate the trial court, in its advantageous position, abused its discretion in granting custody of the child to the plaintiff, and that portion of its judgment must be affirmed. If circumstances require, the custody order may be changed or modified as time progresses, for continuing jurisdiction is vested in the trial court under conditions imposed by the provisions of K. S. A. 60-1610 (a). (See *Travis v. Travis,* 163 Kan. 54, 180 P. 2d 310.)

For the reasons herein stated, the judgment of the trial court granting a divorce to plaintiff is reversed and the case is remanded with directions to reconsider the amount of alimony to which the plaintiff is entitled. In all other respects the judgment is affirmed.

It is so ordered.