No. 45,362

Morene Folk, *Appellee,* v. Joseph C. Folk, *Appellant*

(455 P. 2d 487)

Opinion filed June 14, 1969.

*Donald D. Barry,* of Topeka, argued the cause and was on the brief for appellant.

*James L. Postma,* of Lawrence, argued the cause, and *Olin K. Petefish* and *Peter K. Curran,* of Lawrence, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This was a divorce action commenced by Morene Folk against her husband, Joseph. The husband filed an answer denying generally the allegations of the wife, and a cross petition for divorce. Each party charged the other with gross neglect of duty and extreme cruelty. After a full hearing, the district court made extensive findings of fact, and on December 5, 1967, it found the parties equally at fault and granted a divorce on the grounds of extreme cruelty. The defendant appeals, challenging only the district court's division of property and award of alimony made pursuant to K. S. A. 60-1610 (*b*) and (*c*).

The parties will be referred to as they appeared in the court below.

The parties had been married over twenty years and had two daughters, Linda and Gaila, both of whom resided with the plaintiff at the time of the divorce decree. Both daughters were self-supporting and helped the plaintiff with the home expenses. Gaila was engaged and planned to be married in June, 1968. The plaintiff was 53 years of age and the defendant was 47 years of age. It

was the second marriage for the plaintiff and the first for the defendant. Plaintiff's daughter by her first marriage resided in the home during most of the marriage relationship, and is now married.

The early years of the marriage were spent in Coffeyville where the parties purchased a house in their joint names. The property was worth about $5,000, and was rented for $55 per month.

Since the Cooperative Farm Chemicals Association opened in Lawrence the parties have resided there and more recently in a home they purchased under a mortgage upon which there was a balance due in the sum of approximately $8,000, payable at $93 per month. The home was reasonably worth $15,000, and the title was in the joint names of the parties. Sometime prior to the institution of this action, the defendant put the Coffeyville property in the plaintiff's name at her insistence. The furniture and appliances accumulated during the marriage were in the home in Lawrence and had an estimated value of more than $500.

The defendant was employed by the Cooperative Farm Chemicals Association plant and his 1966 gross pay was $7,802.48, and after taxes and deductions his take-home pay was $6,159.96. During most of the marriage relationship, the defendant worked part-time at two filling stations in addition to his regular employment. In 1966, his gross pay from his part-time work was $2,168.36 and his take-home pay was $1,828.36. Shortly after this action was filed, the defendant quit the extra filling station jobs.

The plaintiff has worked very little outside the home during the marriage. When she did work, it was because she felt the family needed more income than the defendant was providing. She is a licensed cosmetologist and was employed in that capacity at about $71 per week for a short time *pendente lite*. She did not continue with that employment because she felt it made her too nervous. She also worked a short time at the Kansas University Book Store, but quit because the job required being on her feet longer than she felt she could stand. She has been diabetic for several years, but there was no medical evidence that condition affected her ability to find and perform employment for which she was qualified.

In connection with his regular employment, the defendant had a $4,000 group life insurance policy, and since the action was filed he named the two daughters as beneficiaries. He also owned a $10,000 National Service Life Insurance policy and at the time of the decree the plaintiff was the named beneficiary. During his reg-

ular employment, he has contributed about $2,500 into a retirement fund which is not subject to withdrawal but the amount of which at retirement will affect the amount of benefits he will receive.

Prior to the instant action, the parties owned a family automobile —a 1962 Thunderbird—which the plaintiff traded for a 1967 GTO Pontiac and title was taken in her name. The record does not show the value of the GTO, but there was a $2,000 mortgage on it which Linda was paying at $110 per month. Gaila used the automobile to commute to her job in Kansas City and she paid for the gas, oil and other expenses incurred.

The parties owned a 1956 Plymouth automobile which the defendant used to drive to and from his work. He also owned two horses, a saddle, some tools, and personal effects which were in the garage at the Lawrence home.

The divorce decree awarded the plaintiff the home in Lawrence, together with the furniture and fixtures and the GTO, subject to any mortgages or encumbrances against the property. The defendant was awarded the home in Coffeyville subject to a $1,000 lien in favor of the plaintiff, the 1956 Plymouth, his horses, saddle, tools and personal effects. He was required to pay $1,355.04 of the parties' indebtedness, and the plaintiff was ordered to pay in addition to the mortgages and encumbrances, the sum of approximately $1,006.09 of indebtedness she had incurred. *Pendente lite* the defendent agreed to pay the plaintiff support money of $125 biweekly and $100 to her attorney. When the decree was entered, the defendant was ordered to pay an additional $100 to apply on the plaintiff's attorney's fee, and costs of the action. In addition, he was ordered to pay the plaintiff alimony at the rate of $300 per month beginning January 1, 1967, and until July 1, 1968, at which time alimony payments were reduced to the sum of $200 per month to continue until the death of either party, the remarriage of the plaintiff, or until the further order of the court.

The defendant contends the district court abused its discretion and erred in its division of property accumulated during the marriage and in its award of alimony. In making the contention, the defendant recognizes that this court has stated the rules regarding the division of property and the awarding of alimony to the effect that the district court should consider the age of the parties, the period of the marriage, the present and future earning capacity, the value and nature of the property involved and accumulated, and the

indebtedness of the parties. The defendant also recognizes this court's primary function is to review the record to determine if the district court abused its discretion in making a division of the property and in awarding alimony.

The defendant vigorously asserts the district court erred in its division of property owned by the parties. As indicated, the decree set forth the property the parties had accumulated and owned by them, and the district court's disposition of it. In actions of this kind, K. S. A. 60-1610 provides that the decree may include orders on the following matters:

"(b) *Division of property.* The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in his or her own right after marriage, or acquired by their joint efforts, in a just and reasonable manner . . ."

Nothing would be gained to record the various arguments of the parties made in respect to this contention. We have carefully studied the record and based upon the facts and circumstances disclosed, we conclude the defendant has failed to make it affirmatively appear the district court's division of the property between the parties was unjust and unreasonable in any respect which would amount to a clear abuse of judicial discretion, and we approve its judgment relating to the division of the property. (*Zeller v. Zeller,* 195 Kan. 452, 407 P. 2d 478; *Saint v. Saint,* 196 Kan. 330, 411 P. 2d 683; *Clugston v. Clugston,* 197 Kan. 180, 415 P. 2d 226.)

It is next contended the district court's award of alimony to the plaintiff shackles the defendant's future income to such an extent that the allowance was unreasonable and constitutes a financial burden which prohibits him from ever contracting marriage again. He argues that the plaintiff is a licensed, trained and experienced cosmetologist and is capable of earning $78 per week, and that the award was completely out of line with the district court's finding that the cause of the divorce was the "defendant's inability to cope with the plaintiff's repeated accusations."

There is no established rule for deciding what proportion of the husband's estate should be allowed as alimony. (*Clugston v. Clugston,* supra.) The requirement of the statute is that the allowance be "fair, just and equitable," and the amount determined in the light of the circumstances which exist in each individual case. (*Preston v. Preston,* 193 Kan. 379, 384, 394 P. 2d 43.) The defendant's argument that the plaintiff was the most at fault in break-

ing up the marriage and that she is capable of earning a substantial weekly wage were matters to be taken into consideration by the district court. In making its award, the district court no doubt had in mind that the award of alimony was not considered permanent since it is authorized to modify it in the future as the changed circumstances of the parties may require. In *Moran v. Moran*, 196 Kan. 380, 411 P. 2d 677, it was said:

". . . A plain reading of the statute (K. S. A. 60-1610 [c]) indicates that its terms are to be invoked when one party's needs and the other party's ability to pay are such that support should be ordered. The trial court is possessed of considerable judicial discretion in making an award of alimony which is fair, just and equitable under all the circumstances, and absent manifest abuse thereof, its judgment will not be disturbed on appeal. *If alimony is awarded at the time of the decree, future changes in the circumstances of the parties may be considered at the appropriate time, for under the statute the court retains jurisdiction to modify the amounts or conditions for payment of that portion which has not become due as long as it does not have the effect of increasing or accelerating the liability beyond that originally prescribed.*" (l. c. 386.) (Emphasis supplied.)

Perhaps this court would not have made the same award of alimony as did the district court, but in making its award, we cannot say the district court abused its discretion to such an extent as to require a reversal of its decree.

Our review of the record requires the conclusion the alimony awarded the plaintiff is not so unreasonably excessive as to affirmatively show abuse of discretion.

The judgment of the district court is affirmed.