No. 45,365

BERNARD C. TALMAN, *Appellee,* v. SYLVIA F. TALMAN, *Appellant.*

(455 P. 2d 574)

Opinion filed June 14, 1969.

*Max Logan,* of Olathe, argued the cause, and *Howard E. Payne, W. C. Jones, Robert P. Anderson, Keith Martin, H. Thomas Payne, John T. Flannagan, John H. Johntz, Jr.,* and *Edward M. Boyle,* all of Olathe, were with him on the briefs for the appellant.

*John H. Fields,* of Kansas City, argued the cause, and *David W. Carson, John K. Dear, Ernest N. Yarnevich, John William Mahoney,* and *Joseph T. Carey,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: Plaintiff-appellee was granted a divorce on the grounds of extreme cruelty and gross neglect of duty and in the same decree defendant-appellant, on her cross-petition, was granted a divorce on grounds of gross neglect of duty.

In her cross-petition defendant originally prayed for separate maintenance. During the course of the trial, at her request, defendant was allowed to amend and ask for a divorce. On motion for a new trial, at her request, the decree of divorce as to her action was set aside. Her request that a decree of separate maintenance be substituted therefor was denied.

In her appeal to this court defendant asks that the divorce, granted to plaintiff, be set aside on grounds of insufficient corroborative testimony and that she either be granted separate maintenance by this court or in the alternative that the case be remanded for a new trial. Defendant also appeals from the award of alimony and child support. She claims her needs and those of the two minor children total $450 per month and that the trial court abused its discretion in awarding alimony in the amount of $200 for a period of six months and $100 per month thereafter for an additional period

of four and one-half years and child support in the amount of $175 per month.

At the time of the trial the parties had been married for more than twenty-one years. They had two minor children, ages seventeen and ten years.

After hearing the evidence of both parties the trial court found as follows:

"The parties' assets consist of a small equity in the home which was purchased without a down payment in 1964, furniture valued at $2,000.00, a 1966 Chevrolet valued at approximately $1,900.00, a paid up insurance policy for $1,000.00 and another insurance policy for $7,500.00 the value of which was not shown by the evidence. The plaintiff's take home pay is approximately $650.00 a month. The defendant completed high school and two years of college and is unemployed. She has done sales work and is capable of earning $60.00 to $70.00 a week. The plaintiff borrowed $763.00 to pay attorneys' fees and court costs. This is to be paid in monthly installments of $42.39.

"The defendant has been guilty of gross neglect of duty and extreme cruelty, and the plaintiff has been guilty of gross neglect of duty.

"The defendant is a suitable and proper person to be awarded custody of the children."

The defendant was awarded custody of the children, subject to reasonable visitation by plaintiff. Defendant was awarded the home, subject to the mortgage thereon and the furniture and household goods. Plaintiff was awarded the insurance policies and the 1966 Chevrolet.

After hearing a motion of defendant, to increase alimony and child support, to vacate the decree or in the alternative grant defendant a new trial, the trial court increased the award for child support from $75 per month for each child to $87.50 per month, or a total monthly award of child support in the amount of $175.00; and, as previously noted, vacated that part of the decree granting defendant a divorce.

The record discloses considerable conflicting testimony and reflects that the parties had lived in a quarrelsome relationship for several years prior to their separation. One of the chief causes of controversy appears to have been defendant's mother. From the evidence of both parties it appears that many of their arguments stemmed from the relationship of defendant's mother to their family.

Briefly, plaintiff testified that defendant allowed her mother to come into their home, dominate the family and boss them; that no family decisions could be made unless defendant consulted with her mother; that defendant told plaintiff in no uncertain terms that

her mother was foremost; that defendant's mother continually interfered with the raising of their children; that he had a job offer in Los Angeles but defendant would not move because it meant moving away from her parents; and that when there was talk of leaving defendent would say that plaintiff could leave but that she would not move away from her parents. Plaintiff testified that he tried to persuade defendant to keep her mother away from the home and cease interfering with plaintiff, defendant and their children but that defendant not only refused to curb her mother's interference but actually encouraged it.

Plaintiff further testified that the arguments would become bitter, make him nervous and that he would leave the house on occasions because defendant nagged him about his relationship with her parents. He testified that when he had friends or relatives visiting, defendant's mother would drop by without invitation and monopolize the conversation to the point that it was impossible for him to have friends or relatives in the home.

We believe the evidence fairly justifies the conclusion that defendant encouraged and condoned her mother's interference in the marital life and family affairs of plaintiff and defendant.

Defendant's own conduct and her refusal to restrain her mother's interference in the home apparently became unbearable to plaintiff. A course of conduct on the part of one spouse which has become intolerable to the other, so as to disrupt domestic harmony and to destroy legitimate matrimonial objectives, has often been characterized as behavior amounting to extreme cruelty. (*Haynes v. Haynes*, 202 Kan. 83, 446 P. 2d 749, and *Saint v. Saint*, 196 Kan. 330, 411 P. 2d 683.) Cruelty as a ground for divorce is generally a course of conduct rather than a single act. (*Brown v. Brown*, 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102.) Physical abuse is not required to meet the statutory requirement of extreme cruelty. (*Saint v. Saint*, supra.)

The evidence here indicates the wife was more interested in maintaining her ties with her mother than in her responsibilty to aid in sustaining a harmonious marriage. In *Petty v. Petty*, 147 Kan. 342, 76 P. 2d 850, where evidence was found sufficient to establish gross neglect of duty, it was stated:

". . . There is room to say the blame was not all on one side, but the trial court was in better position to say which party was responsible for it than is this court. In the division of responsibilities between husband and wife, the

greater duty of having a harmonious home ordinarily falls upon the wife, just as the greater duty of providing a living falls upon the husband. Here the evidence sustains the view that defendant's interest in a harmonious home was secondary to her own ambitions apart from the home, and that she carried this to such an extreme as to be primarily responsible for the failure of their marriage. Both knew their marriage had failed. Each wanted a divorce. To refuse a divorce would serve no good purpose. We are unable to say there was no substantial evidence of gross misconduct of defendant sufficient to sustain the judgment for divorce." (p. 349.)

We have said that extreme cruelty and gross neglect of duty, as grounds for divorce, overlap to a considerable degree. An act of misconduct may fall into either category. Cruelty has been recognized as an element in gross neglect of duty. (*Haynes v. Haynes,* supra, and *Kelso v. Kelso,* 182 Kan. 665, 324 P. 2d 165.)

In addition to the direct testimony and circumstantial evidence, the trial court had a right to draw reasonable inferences from the testimony of plaintiff, as well as from that of other witnesses which pertained to the grounds alleged. (*Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95.)

In the instant case we believe the evidence sufficient to support plaintiff's decree of divorce on either ground.

Defendant denied the accusations of plaintiff and his witnesses, however, the conflict was resolved against defendant by the trial court. We have said time and time again it is not our function to weigh conflicting evidence or substitute our judgment for that of the court which heard the case. Our task is simply to determine if the evidence be sufficient to support the findings and judgment of the trial court. (*Saint v. Saint,* supra, and *Preston v. Preston,* 193 Kan. 379, 394 P. 2d 43.)

Plaintiff's testimony was corroborated by his sister and brother-in-law who testified that plaintiff asked them to find a house so he could get his family away from his in-laws; that whenever plaintiff and defendant visited them defendant would call her mother, tell her she had arrived at their home. Plaintiff's sister testified defendant told her that she would leave plaintiff before she would leave her mother, and that defendant did whatever her mother told her to do.

A witness for defendant testified that defendant stated she did not want to move to California and leave her parents.

Plaintiff testified that during the latter stages of the marriage, defendant would not talk to plaintiff and started writing notes. As

corroboration, two notes written by defendant to plaintiff were received in evidence. In testing the sufficiency of evidence for corroboration purposes, the evidence may be circumstantial as well as direct. (*Carter v. Carter*, 191 Kan. 80, 379 P. 2d 311.)

Corroboration of a party's testimony is required by statute (60-1609 [*d*]). However, corroboration need not support each and every detail of the injured party's testimony, nor, standing alone, sustain the judgment. It is sufficient if corroboration be such as will tend to establish some fact or facts testified to by the complaining party, which, if believed, would justify the granting of a divorce. (*Haynes v. Haynes*, supra, and *Saint v. Saint*, supra.)

We believe there is direct corroborative testimony, testimony of a corroborative character and circumstantial evidence, touching on the alleged grounds, sufficient to meet the statutory requirements of corroboration.

We have carefully examined the evidence with respect to the awards of alimony and child support and fail to find anything approaching abuse of discretion in the conclusions reached by the trial court in this regard.

The judgment is affirmed.