No. 45,927

WILLIAM E. BAUMGARDNER, *Plaintiff-Appellee,* v. DORIS L. BAUMGARDNER, *Defendant-Appellant.*

(483 P. 2d 1084)

Opinion filed April 10, 1971.

*John S. Seeber,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause and was on the brief for defendant-appellant.

*Hubert R. Kuhn,* of Arn, Mullins, Unruh and Kuhn, of Wichita, argued the cause and was on the brief for plaintiff-appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff, William E. Baumgardner, commenced an action against the defendant, Doris L. Baumgardner, for a divorce on the grounds of extreme cruelty and gross neglect of duty. The defendant filed a cross petition for divorce alleging the same grounds. Subsequently, and with permission of the district court, the defendant amended her cross petition to include the ground of adultery. Both parties sought an absolute decree of divorce from the other, an equitable division of the property accumulated by them during the marriage, and in addition, the defendant sought alimony in the amount of $50,000.

The district court granted both parties a divorce from each other on the grounds of extreme cruelty and gross neglect of duty. The defendant was denied a divorce on the ground of adultery, and was also denied alimony.

On appeal, the defendant complains of the district court's refusal to grant her a divorce on the ground of adultery, the granting of a divorce to the plaintiff on the grounds specified, the division of the property of the parties, and its order refusing to grant her a substantial alimony award.

The parties will be referred to as they appeared in the court below.

The plaintiff and defendant were married at Caldwell, Kansas, on June 24, 1954, and separated on April 14, 1968. No children were born to their marriage. When the action was commenced, the plaintiff was 36 years of age and the defendant was 34 years of age. Both parties were regularly employed at the Boeing Corporation during the period of their marriage, and at the time of trial on November 21, 1968, the plaintiff was receiving $358 bi-weekly, or $9,308 annually. In addition to the plaintiff's regular employment, he realized additional income from square dance calling for the following years and in the following amounts: 1965, $449.39; 1966, $1,378, and 1967, $868. His 1968 gross income from this pursuit at the time of trial was $1,575. The defendant received $231.22 biweekly, or $6,011.72 annually.

The defendant first contends the district court erred in refusing to grant her a divorce from the plaintiff on the ground of adultery. The plaintiff candidly admits that the evidence presented to the district court shows he became romantically involved subsequent to the parties' separation and the filing of his action for divorce. He denied that his romantic involvement was the cause of the breakup of the marriage and did not precipitate the parties' action for divorce from each other. The defendant admitted she had no knowledge of any adulterous conduct of the plaintiff prior to the filing of his petition, and her cross petition, for divorce. Under the record presented, we think the district court did not abuse its discretion in refusing to grant a divorce to the defendant on the ground of adultery. The district court granted her the relief she prayed for, but granted it on a different ground than that theorized by her. A divorce granted on one ground is as final and effective as a divorce granted on any other ground. It is unnecessary for this court to decide the point whether conduct subsequent to the commencement of an action can be the basis of grounds for divorce. Under the new Code of Civil Procedure, the rights of divorced parties are not altered by the nature of the ground on which the divorce is granted. The record shows the district court received the evidence concerning the plaintiff's infidelity subsequent to the filing of the action, and that it took that evidence into consideration in granting the defendant a divorce on the grounds of extreme cruelty and gross neglect of duty. She obtained what she sought

—a divorce from the plaintiff. At most, the refusal of the district court to grant her a divorce on the ground of adultery does not appear to have prejudicially affected her substantial rights. (*Berndt v. Berndt,* 175 Kan. 134, 259 P. 2d 197.) We cannot say the district court abused its discretion in any respect. A determination that lies in the discretion of the district court will on appeal be presumed to have been made in the proper exercise of that discretion where the contrary does not appear from the record. An appellant claiming abuse of discretion has the burden of proving that contention. (*Roberts v. Roberts,* 103 Kan. 65, 173 Pac. 537; *Krueger v. Krueger,* 174 Kan. 249, 255 P. 2d 621; 5 Am. Jur. 2d Appeal and Error, § 775, p. 218.) See, also, 12 Kan. L. Rev. 27, 33.

The defendant next contends the district court erred in granting the plaintiff a divorce on the grounds of extreme cruelty and gross neglect of duty. She argues there is a lack of evidence showing such grounds for divorce, or any corroboration thereof. The point is not well taken. It would not further the interests of either of the parties to detail the evidence. The record has been carefully reviewed and we are of the opinion there was ample evidence to support the district court's finding granting the plaintiff a divorce on both grounds. It is sufficient to say the evidence established that the defendant's conduct during the marriage was such as to destroy the legitimate ends of the matrimonial objectives of the parties. Indeed, for the most part, the record is lacking of a denial by the defendant of the several accusations made by the plaintiff. The patient endurance by one spouse of the continuing ill treatment of the other should never be allowed to weaken his or her right to relief. (*Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102.)

The district court heard the parties' evidence and observed them testify. It fulfilled its duty to determine the weight and credibility to be given to the testimony of their witnesses. Moreover, we believe the corroboration here to be ample as required by the provisions of K. S. A. 1970 Supp. 60-1609 (*d*). In *Haynes v. Haynes,* 202 Kan. 83, 446 P. 2d 749, it was said that corroboration need not support each and every detail of the injured party's testimony, nor is it essential that corroborating testimony alone sustain the judgment. It is sufficient if the corroboration be such as will tend to establish some fact or facts testified to by the complaining party, which, if believed, would justify the granting of a divorce. See,

also, *Saint v. Saint,* 196 Kan. 330, 411 P. 2d 683. On appellate review this court will not overturn findings or a judgment where there is substantial competent evidence to support them. (*Cool v. Cool,* 203 Kan. 749, 457 P. 2d 60.)

The defendant strenuously complains of the district court's division of the property of the parties accumulated during their marriage. In their brief both parties set forth the accumulated property and their estimated values thereof as reflected by the record. The district court is authorized (K. S. A. 1970 Supp. 60-1610 [*b*]) to divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or a part thereof over to one of the spouses and requiring either to pay such sum as may be just and proper.

There was no real estate involved and it is unnecessary to detail the specific items of personal property awarded to each party. Giving the defendant the benefit of any doubt, and by using her estimated value of the various items of property awarded to each party, a breakdown of the district court's judgment discloses she was awarded property of the value of $6,593.96 and the plaintiff was awarded property of the value of $4,559.84. In addition, the plaintiff was charged with court costs and pretrial attorneys' fees totaling more than $870. The record reflects the district court was extremely fair in doing what it was authorized to do under the provisions of K. S. A. 1970 Supp. 60-1610 (*b*).

The defendant now complains of the manner in which the plaintiff spent their earnings during the marriage. She asserts he spent their earnings in the manner of a spendthrift, purchasing several new cars, motorcycles, and expensive square dance calling equipment. Except for the trading of the 1968 Pontiac, the defendant at no time objected to the manner in which the parties' combined earnings were spent. None of her testimony was critical of any conduct, spending or otherwise, on the part of the plaintiff prior to the commencement of the action.

It is unnecessary to belabor the legal points involved in the contention. Our statute (K. S. A. 1970 Supp. 60-1610 [*b*]) and our decisions (*Cool v. Cool,* supra; *Zeller v. Zeller,* 195 Kan. 452, 407 P. 2d 478; *Preston v. Preston,* 193 Kan. 379, 394 P. 2d 43; *Talman*

*v. Talman,* 203 Kan. 601, 455 P. 2d 574) confer a great deal of latitude on the district court in arriving at a judgment of the type here involved. The cases cited by the defendant merely reaffirm the power of the district court in that respect, and suggest what considerations it *may* properly weigh in arriving at a decision.

The defendant further complains of action taken by the district court in directing the payment of attorneys' fees from a joint bank account owned by the parties. Under K. S. A. 1970 Supp. 60-1610 (*f*) the district court is accorded wide discretion in determining the amount of attorneys' fees to be allowed to counsel and in directing the manner in which the same are paid, as well as the costs of the action. Such discretionary allowance will not be disturbed on appeal unless it clearly appears from the record the court abused its discretion. (*Craig v. Craig,* 197 Kan. 345, 349, 416 P. 2d 297.) The record reveals the trial of the action was not unusual. Counsel for each party was allowed additional fees of $750 to be paid from the joint bank account. Those funds were accumulated during the marriage and were subject to an order of disposition as made by the district court. No abuse of the court's discretion has been affirmatively made to appear.

The defendant lastly and bitterly complains because the district court refused to award her alimony. Following the separation of the parties, the defendant lived with her twin sister and shared all living expenses. She was given opportunity to establish her needs with respect to the possible allowance of alimony. The evidence discloses the defendant is a good secretary and has a good secretarial job paying her $6,011.72 annually. She is in average health and has no medical expense of any consequence. Her earnings were considerably more than the estimated amount required for her needs and living expenses.

The legal point involved has been stated and restated. In )*Cool v. Cool,* supra, it was said:

"Finally, plaintiff complains bitterly because the court failed to award her any alimony. Again we are faced with our fixed rule that in matters concerning the awarding of alimony to a party in a divorce action, the court is vested with considerable judicial discretion, and its order will not be set aside or vacated in the absence of a clear showing of an abuse of that discretion. (*Moran v. Moran,* 196 Kan. 380, 411 P. 2d 677; *Saint v. Saint,* supra; *Zeller v. Zeller,* supra.) There is no fixed rule for determining what proportion of a husband's estate should be allowed as alimony. The statute, K. S. A. [now 1968 Supp.] 60-1610 (*c*), merely requires that the allowance be 'fair just and equitable,' and the amount determined in the light of circumstances

which exist in each case. (*Clugston v. Clugston,* supra; *Preston v. Preston,* supra.) No longer is it mandatory, as it was under G. S. 1949, 60-1511, that alimony be allowed to a wife when she is granted a divorce for the husband's fault. In *Moran v. Moran,* supra, we said:

" '. . . A plain reading of the statute [60-1610 (*c*)] indicates that its terms are to be invoked when one party's needs and the other party's ability to pay are such that support should be ordered. The trial court is possessed of considerable judicial discretion in making an award of alimony which is fair, just and equitable under all the circumstances, and absent manifest abuse thereof, its judgment will not be disturbed on appeal . . .' (p. 386.)

"We have made clear the many factors that may be considered in determining what amount of alimony, if any, should be ordered, such as the ages of the parties, duration of the marriage, the property owned by the parties, their respective and future earning capacities; and the question of fault may also be taken into account. (*Saint v. Saint,* supra; *Zeller v. Zeller,* supra.)" (l. c. 753, 754.)

Giving consideration to all the testimony and under the circumstances as disclosed by the record, it is irrelevant whether this court would have made the same determination on this point as did the district court. However, we cannot say or hold the district court exceeded the bounds of its judicial discretion in denying the defendant alimony.

The judgment of the district court is affirmed.