No. 47,717

MARY J. CARLTON, *Appellant,* v. JACK K. CARLTON, *Appellee.*

(538 P. 2d 727)

Opinion filed July 17, 1975.

*Frank R. Cobb* and *Theodore H. Hill,* of Hill, Mason, and Gilchrist, of Wichita, were on the brief for the appellant.

*John W. Sowers,* of Sowers, Carson, and Johnston, of Wichita, was on the brief for the appellee.

*Per Curiam:* This is an appeal from an order terminating alimony payments to the appellant, Mary J. Carlton. On May 7, 1970, the parties ended a twenty-two year marriage by divorce. The district court ordered an equal division of the property awarding property valued at $49,141 to each. The decree further provided for alimony payments to the appellant-wife of $250 per month until her remarriage or the death of either party. The appellee-husband regularly made such payments until January 15, 1974, when he filed a motion for their termination. On March 18, 1974, the district court terminated said payments effective after February 28, 1974, on the basis that "it would not be fair, equitable, or just in light of the circumstances as they exist at this time for defendant to . . . continue the alimony payments."

Appellant claims error in three respects on this appeal. These center around the finding by the trial court that circumstances had changed so as to justify the termination of alimony and the sufficiency of the evidence to support that finding. The purpose of alimony is to provide for the future support of the divorced spouse. (*Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994; *Herzmark v. Herzmark,* 199 Kan. 48, 427 P. 2d 465.) The amount thereof is to be based upon the needs of one party and the ability of the other party to pay. (*Baumgardner v. Baumgardner,* 207 Kan. 66, 483 P. 2d 1084; *Cool v. Cool,* 203 Kan. 749, 457 P. 2d 60.) A change of circumstances may justify a reduction of alimony. (*Blair v. Blair,* 210 Kan. 156, 499 P. 2d 546.) An examination of the record discloses substantial evidence of a change of circumstances. The role of this court is not that of a trier of fact. We are required to accept the evidence which is most favorable to the

prevailing party and where there is substantial competent evidence in the record to sustain the judgment, it is our duty to sustain it. (*Wehking v. Wehking,* 213 Kan. 551, 555, 516 P. 2d 1018.) See, also, *Parsons Mobil Products, Inc. v. Remmert,* 216 Kan. 256, 531 P. 2d 428.

A large portion of the appellant's brief is devoted to a constitutional attack on K. S. A. 60-1610 (*c*). The thrust of this argument is that the statute denies to the appellant equal protection of the law. The statute provides for a modification of the amount of alimony not yet due, *except* that the amount cannot be increased without the consent of the party liable for the alimony. Appellant claims this latter portion discriminates against her. She argues that since women are usually the recipients of alimony this places them in a classification which has no rational relation to the purpose of the legislation, and constitutes invidious discrimination. The statute, however, explicitly provides that alimony, where deemed necessary and proper, may be awarded to *either* party. There is no male-female distinction made. Appellant's argument that an invidious classification based upon sex exists is without merit. The statute is constitutionally valid.

The judgment of the district court is affirmed.

FROMME, J., not participating.