No. 42,721

Ferryl A. Murray, *Appellee,* v. Howard T. Murray, *Appellant.*

(371 P. 2d 125)

Opinion filed May 5, 1962.

*Grey Dresie,* of Wichita, argued the cause and was on the briefs for the appellant.

*W. Jay Esco,* of Wichita, argued the cause, and *Lloyd F. Cooper, Dale H. Cooper,* and *Richard A. Loyd,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by the husband in a divorce proceeding from an order of the trial court allowing an attorney fee to plaintiff-appellee's attorney, and the further order of that court overruling defendant's motion for new trial.

This case was highly contested from the beginning and the fact that appraisers had to be appointed to determine the value of the real estate is indicative of the contentious attitudes of the parties. The record shows that much time was expended on the part of plaintiff's attorney in the preparation of her case, the trial lasted several days, and a substantial amount of real and personal property was involved. The trial court in its journal entry of judgment showed plaintiff was given a divorce decree from defendant on May 31, 1961, but the case was continued to June 22, 1961, to hear argument, to receive suggested findings of fact and conclusions of law, and enter judgment as to custody of the minor children and their support, division of property, alimony, and attorney fees. On June 22, 1961, by mutual agreement the matter was again continued to July 12, 1961. Two respected and prominent members of the Wichita

Bar Association were called to testify in regard to their opinion as to the amount a reasonable fee would be in this case based on the work done by plaintiff's attorney, and under the authority of G. S. 1949, 60-1507, the trial court made an order allowing a fee to W. Jay Esco of the firm of Cooper, Esco & Cooper with provision that payments were to be extended over some period of time. The above statute, by its very clear and plain language, and in order to insure efficient preparation of the wife's case in a divorce action, vests the district courts with discretion in such matters as ordering expense money. Here the record discloses the amount and kind of property owned by the parties, and their apparent status, which required able counsel in order that the wife would be sure of having efficient preparation of her case.

The trial court stated it had kept detailed notes in regard to the case including items affecting the work of the attorneys and it would be impossible to say that court abused its discretion in allowing the attorney fee it did.

In view of the record before us showing the prolonged and substantial amount of work done by plaintiff's attorney, we think the matter comes well within the provisions of the above statute and the amount allowed was within the limits of the testimony of the witnesses. Our attention has also been directed to *Bennett v. Bennett*, 175 Kan. 692, 266 P. 2d 1021, and examination of that case reflects it is in accord with the above.

The trial courts conduct the hearings in these cases, they see the parties and witnesses, they have a better opportunity to ascertain the attitudes of those involved in the lawsuits and that is the proper court to exercise discretion in these matters. We believe the legislature definitely so provided in 60-1507. The fact that a final divorce was not granted because of reconciliation of the parties is not a persuasive argument against allowance of the fee for the reason the trial court had earlier made an announcement of its final intention but wanted to be positive of its findings of fact and conclusions of law before its announcement was reduced to a journal entry of judgment. We are, therefore, constrained to say there was no error in the allowance of the attorney's fee, or in the order overruling defendant's motion for new trial.

Affirmed.