No. 44,530

LOYD E. CRAIG, JR., *Appellant*, v. SHIRLEY M. CRAIG, *Appellee*.

(416 P. 2d 297)

Opinion filed July 14, 1966.

*John W. Breyfogle, Jr.* and *Hugh H. Kreamer,* of Olathe, argued the cause and were on the briefs for appellant.

*George A. Lowe,* of Olathe, argued the cause, and *Richard L. Roberts,* of Olathe, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an award of alimony, attorney fees, and alleged trial errors arising out of a divorce action instituted by the plaintiff-appellant, Loyd E. Craig, Jr., against his wife, Shirley M. Craig. The defendant-appellee filed an answer and a cross petition praying for an absolute divorce. After a full hearing, the district court found plaintiff at fault and granted the defendant an absolute divorce on the grounds of gross neglect of duty and extreme cruelty.

The parties were married on August 23, 1953, and are the parents of two minor sons, William M. Craig, age ten, and John A. Craig, age three, who reside with the defendant. This was the second marriage for both parties. The plaintiff provides annual support in the amount of $4,000 for a mentally retarded son of his first marriage.

When the marriage was consummated, the plaintiff had accumulated no assets and was employed as a pharmacist for $75 a week. He is hardworking and thrifty, and in 1957 he purchased his first drugstore in Olathe which he operated until he sold it in 1960. At that time, he purchased his present drugstore, Craig Pharmacy. Between the years of 1957 and 1961, plaintiff's family made gifts in the amount of $64,300 to pay notes on the business and the

home. In addition, his family gave him 383 shares of Champion Paper Company stock, and seventeen other shares were accumulated. It was agreed the stock had a value of $36 per share at the time of the divorce.

The defendant had $3,000 at the time of the marriage which was used by the parties for household furnishings and the construction of the West Little Street rental house. Subsequently, she inherited ten acres of land in the state of Washington which produced an income of $900 which was used to buy a station wagon. The defendant worked in the first drugstore at the lunch counter, as a clerk, and assisted with keeping the books. After the second store was purchased, she worked during the mornings until she had difficulty with a pregnancy in 1960.

At the time of the divorce action, plaintiff was 44 years of age, a registered pharmacist, and owned and managed the Craig Pharmacy in Olathe. Through family gifts and their joint efforts, the parties amassed a personal net worth, excluding the value of Craig Pharmacy, of about $103,000. When the case was tried, controversy arose as to the value of the pharmacy business. Considering the nature and extent of the business as disclosed by the record, and the fact that the pharmacy is located upon leased premises, we feel the more realistic value is approximately $88,000.

The defendant was 40 years of age and had attended three years of college. She has talents as an artist and tentatively plans to return to college to secure a degree. There was no evidence to indicate she was employed or had personal income from other sources. However, she was in good health and physically capable of employment, except she is in the need of two minor operations.

The district court's decree of divorce in part may be summarized as follows: The defendant was awarded $71,847.46 in real and personal property consisting of the following: the residence at an appraised value of $27,500; household furnishings at an appraised value of $5,971.25; a 1960 Chevrolet automobile of the value of $1,160; the ten acres situated in the state of Washington of unknown value; her personal account in the First National Bank of unknown value; the joint savings account in the First National Bank in the amount of $28,016.21; two hundred shares of Champion Paper Company stock of the value of $7,200, and four shares of stock in the First National Bank of Olathe of the value of $2,000. Jewelry of the value of $5,000 was divided between the parties with the defendant acquiring the woman's diamond ring and the plain-

tiff the man's diamond ring. In addition, the district court awarded the defendant alimony in the amount of $1,200 per month until death or remarriage and attorney fees in the amount of $9,000.

Plaintiff was awarded the West Little Street rental property at an appraised value of $6,000; the business known as Craig Pharmacy of the value of about $88,000; a personal checking account in Patron's Cooperative Bank in the amount of $488.32; a personal account in the First National Bank in the amount of $743.79; the savings account in the Overland Park Savings and Loan in the amount of $53.92, two hundred shares of Champion Paper Company stock of the value of $7,200; four shares of stock in the First National Bank of Olathe of the value of $2,000, and a 1960 Chevrolet automobile of the value of $780.

The plaintiff makes no complaint with respect to the granting of the divorce, the property settlement, or the fact the district court awarded custody of the two minor children to the defendant and ordered him to pay the sum of $400 per month for their support, but he vigorously asserts the district court abused its discretion in awarding the defendant $1,200 per month alimony until death or remarriage, and in granting $9,000 as attorney fees. He further contends the district court erred in excluding Eugene Hackler's testimony and admitting in evidence the testimony of Rev. Theodore Sperduto and Dr. Antonio Paschino.

The district court is vested with wide judicial discretion in determining what it believes to be reasonable alimony under the facts of each particular case. (*Preston v. Preston,* 193 Kan. 379, 394 P. 2d 43.)

In *Moran v. Moran,* 196 Kan. 380, 411 P. 2d 677, we considered when an allowance of alimony was proper and our power to exercise judicial review of the district court's discretion, and *held:*

"The terms of K. S. A. 60-1610 (*c*) are to be invoked when one party's needs and the other party's ability to pay are such that support should be ordered. In making an award of alimony, under the statute the trial court is possessed of considerable judicial discretion, and absent manifest abuse thereof, its judgment will not be disturbed on appeal." (Syl. ¶ 4.)

Each party acknowledges the foregoing rule as being applicable to questions involving an allowance of alimony. However, the plaintiff contends that, notwithstanding the fact the defendant is capable of supporting herself, the order of the district court requires him to pay the defendant $1,200 per month indefinitely. This obvi-

ously is not the case. The decree makes the alimony payments conditional or terminable upon the defendant's remarriage or death. Moreover, the district court may modify the amounts of the payment of any portion of the alimony originally awarded that have not already become due, in the event of hardship or financial reverses or for such other reasons as may be deemed sufficient so long as the modification does not increase or accelerate liability. (K. S. A. 60-1610 [c]; *Clugston v. Clugston,* 197 Kan. 180, 415 P. 2d 226.)

The defendant contends that to justify any modification of the allowance of alimony, the plaintiff must show the district court's abuse of judicial discretion, ". . . not merely an error in judgment, but perversity of will, passion, or moral delinquency when such abuse is exercised to an end or purpose not justified by, and clearly against, reason and evidence . . ." as expounded in *Goodman v. Goodman,* 188 Kan. 41, 44, 360 P. 2d 877.

We find no fault with the defendant's argument. However, when her evidence is analyzed, Exhibit O clearly indicates the district court abused its discretion by ignoring evidence of her actual expenses. This was defendant's estimated expenses for herself and the children, and totaled approximately $590 per month, exclusive of real estate taxes on the home, clothing, a suggested life insurance program, and other extra items which would increase her average monthly expenses to $843.50. According to the defendant's evidence, this estimate would maintain the same standard of living for herself and the children which she had been accustomed to during the marriage. While the estimate of $843.50 may not encompass all her needs such as maintenance of the car, vacations for herself and the children, and approximately $2,000 repair to the house, we find nothing in the record to justify the award of alimony of $1,200 per month to the wife in addition to the amount of child support of $400 per month for the two boys, and find it contrary to the evidence before the district court. Moreover, the district court failed to consider the fact that the defendant was awarded income producing assets (the Champion Paper Company stock, the bank stock, and the joint savings account) of the value of between $37,000 and $40,000 which will produce an approximate income of about $1,500 annually.

Under all the facts and circumstances, it must be said the allowance of alimony in the amount of $1,200 per month was excessive and should be reduced by the sum of $350 per month. Therefore, the decree is modified to show $850.00 per month as the alimony allowance.

We next consider plaintiff's contention the district court abused its discretion in allowing defendant's counsel $9,000 for attorneys' fees.

Under our statute, the district court is vested with wide discretion to determine the amount and the recipient of an allowance of attorneys' fees. (K. S. A. 60-1607 [*d*] and K. S. A. 60-1610 [*f*].) Such discretion will not be disturbed on appeal unless it clearly appears from the entire record that the court abused its discretion. (*Crosby v. Crosby*, 188 Kan. 274, 362 P. 2d 3; *Murray v. Murray*, 189 Kan. 679, 371 P. 2d 125.)

At the outset, we note the absence of competent testimony before the district court to support the award of attorneys' fees. The record reveals the trial of the action was not unusual. The plaintiff took no depositions and those taken on behalf of the defendant required at most not more than eight hours. The trial took three full days and required additional argument on three other days. We recognize defendant's counsel by the very nature of the action were required to question numerous witnesses and extensively investigate the kind and amount of the parties' holdings in order to amply insure the wife an efficient preparation of her case. However, giving consideration to the character and importance of the litigation, the labor and time necessarily involved, the degree of professional skill and ability required and exercised, and the results achieved, we are of the opinion an award of attorneys' fees in the amount of $9,000 is excessive and should be reduced. Accordingly, an award of $6,500 is deemed adequate to remunerate the defendant's attorneys and the amount allowed by the district court is reduced by the sum of $2,500.

Lastly, the plaintiff contends the district court erred in excluding the testimony of Eugene Hackler, a member of the Bar, because the relation of attorney and client existed between them (K. S. A. 60-426), and in admitting the testimony of Dr. Antonio Paschino and Rev. Theodore Sperduto for the reason their testimony was privileged communications. (K. S. A. 60-427 and 60-429.) At most, the admission and exclusion of the testimony were mere technical errors which do not affirmatively appear to have prejudicially affected the substantial rights of the plaintiff. In view of our over-all disposition, nothing would be gained by remanding this case for a new trial. Pursuant to K. S. A. 60-2105, this court is empowered to render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the

appeal was taken, without regard to technical errors and irregularities in the proceedings of the district court.

Accordingly, and in view of the foregoing, the judgment of the district court is modified in the following respects: (1) Shirley M. Craig is awarded future support denominated as alimony, contingent upon her death or remarriage, payable at the rate of $850 per month, and (2) the defendant's attorneys are allowed the total sum of $6,500 as attorneys' fees. In all other respects the judgment of the district court is affirmed.

It is so ordered.

O'CONNOR, J., not participating.