No. 44,995

LAURAINE I. BROOKER, *Appellant* and *Cross-Appellee*, v. ROBERT MILES BROOKER, *Appellee* and *Cross-Appellant*.

(433 P. 2d 363)

Opinion filed November 13, 1967.

*Ernest J. Rice,* of Topeka, argued the cause, and *Marlin S. Casey, Murray F. Hardesty, Glenn D. Cogswell, Gerald L. Goodell, Wayne T. Stratton, Robert E. Edmonds, Arthur E. Palmer,* and *Thomas E. Wright,* all of Topeka, were with him on the briefs for the appellant and cross-appellee.

*Robert S. Johnson,* of Topeka, argued the cause, and *Beryl R. Johnson,* of Topeka, was with him on the briefs for the appellee and *cross-appellant.*

The opinion of the court was delivered by

KAUL, J.: This is a divorce action. Plaintiff wife has appealed from a judgment as it pertains to alimony and defendant husband has cross-appealed from the order of the trial court directing the payment of plaintiff's attorney fees. No complaint is made as to the granting a divorce and awarding custody of the two minor children to the wife or as to the division of property.

The parties had been married eighteen years and have two children, a son thirteen years of age and a daughter six years of age. The husband is a physician and surgeon, specializing in chest and blood vessel surgery. The wife is a registered nurse and was actively engaged in her profession during the earlier years of the marriage.

A full and complete trial was had. Extensive evidence was submitted as to the financial status and acccumulated property of the

parties, the needs of the wife and children and the earnings, present and potential, of the husband. At the close of the trial judgment was announced by the court granting a divorce and custody of the minor children to the wife. Issues as to property division, alimony and support money were taken under advisement by the court in order to permit the parties to file briefs. After receiving the briefs the court heard supplemental arguments and then entered its final judgment resolving the remaining issues.

The trial court in a comprehensive memorandum decision reviewed the evidence and decisions of this court pertaining to the issues involved. After dividing the property of the parties, the trial court awarded plaintiff alimony of $400 per month, terminable upon her death or remarriage, or on further order of the court in modification or termination as provided by law, and child support of $150 per month for each child.

In its memorandum the trial court reviewed the evidence, submitted with respect to the allowance of attorney fees, and concluded that $3,500.00 should be awarded plaintiff for the services of her attorney.

Only two issues are presented for our consideration in this appeal.

The plaintiff claims the trial court abused its discretion in awarding her $400 monthly alimony. She argues the trial court wholly ignored the only evidence before it as to what plaintiff required for the support of herself and children. In her brief plaintiff admits the well-established rule that the trial court is vested with wide judicial discretion in determining alimony and that it is necessary to show abuse of discretion to obtain a modification of the trial court's award on appeal. Nevertheless she seeks a modification by this court and relies on our decision in *Craig v. Craig*, 197 Kan. 345, 416 P. 2d 297, to support her position. She claims the trial court abused its discretion by wholly ignoring the only evidence before it as to the needs for the support of herself and children.

In *Craig* this court reduced the trial court's award of alimony because we found the trial court abused its discretion by ignoring evidence of the actual expenses of the wife. The trial court had awarded $1,200 per month when the most favorable analysis of her evidence disclosed her average monthly expenses could not total more than $843.52. We found the ignoring of such evidence to be an abuse of discretion by the trial court.

In this case the plaintiff compiled a list of what she claimed

were monthly needs for herself and children. The items totaled $1,091. The list was received in evidence but plaintiff claims it was ignored by the trial court. In addition to items of ordinary household expenses, set out in the list, sums of $135.40 for household help and $225 for treatment of plaintiff at Menninger Foundation were included. The testimony reveals that plaintiff had never utilized or needed full time household help during the course of the marriage other than when she was in the hospital. Plaintiff, herself, testified that she has now been released from the day hospital at Menninger Clinic and was seeing her doctor only twice a week and in the near future planned to see him only one hour every two months or if she needed to talk to him about anything.

Plaintiff further testified that she was eligible for treatment at the Veterans Administration Hospital without charge in the event of need and that she had in fact received treatment there in the past. The subtraction of $360, the total of these two items from the gross request of plaintiff, leaves $731 only, $31 in excess of the trial judge's award for the support of plaintiff and the two children. It is also to be noted that an item of $89 for monthly payments on plaintiff's automobile will be adeemed on payment of the purchase price and appears to be considerably in excess of the amortized monthly cost of the automobile in relation to the years of expected serviceability thereof.

There was also conflicting testimony as to a number of other items listed in Exhibit 19. Defendant testified that, with the courtesy given by other physicians to the children of a physician, medical expense of $20 per month appeared to be excessive. The defendant claimed that an award of $542 would have been adequate for the monthly needs of plaintiff and the two children.

A reading of the memorandum decision indicates that the trial court carefully considered all of the evidence within the concept of the rules established by this court and in conformity with the provisions of K. S. A. 60-1610 (*b*), (*c*), now K. S. A. 1965 Supp. 60-1610 (*b*), (*c*). We find a factual basis for the trial court's decision and, therefore, reversal on this point cannot be justified under our firmly established rule that absent manifest abuse of discretion the trial court's judgment in a divorce case cannot be disturbed on appeal. (*Clugston v. Clugston,* 197 Kan. 180, 415 P. 2d 226, and *Moran v. Moran,* 196 Kan. 380, 411 P. 2d 677, and the many cases cited in those opinions.)

In his cross-appeal defendant contends the trial court abused its discretion in requiring the defendant to pay plaintiff's attorney of record the sum of $3,500 for attorney fees.

In his brief defendant appears to take the position that, under the property settlement and alimony adjudged by the trial court, the plaintiff was entirely capable of paying her own attorney fees and should have been required to do so.

Under our statutes K. S. A. 60-1607 (d) and K. S. A. 60-1610 (f), now K. S. A. 1965 Supp. 60-1610 (f), costs and attorney fees for the preparation and trial of the case may be awarded to either party as justice and equity may require. The district court is vested with wide discretion to determine both the amount and the recipient of an allowance of attorney fees. Such discretion will not be disturbed on appeal unless an abuse of discretion clearly appears from the record. (Craig v. Craig, supra; Crosby v. Crosby, 188 Kan. 274, 362 P. 2d 3; Murray v. Murray, 189 Kan. 679, 371 P. 2d 125.)

It appears from the record here that the division of property of the value of some $120,000.00 was at issue. The plaintiff's attorney testified that he expended eighty hours in preparation and in numerous conferences pertaining to a property settlement which in the end was not consummated. The record further discloses that four prominent and experienced attorneys of Topeka testified that the reasonable value of the legal services performed by plaintiff's attorney in the preparation and trial in the district court would be from $4,000 to $5,000.

When confronted with a similar complaint as to the allowance of attorney fees in a divorce action in Bennett v. Bennett, 175 Kan. 692, 266 P. 2d 1021, we stated:

". . . The reasonable value of such fees, under legislative mandate, rests largely in the sound judicial discretion of the trial court. (G. S. 1949, 60-1507.) The only function of this court is to examine the record in order to ascertain whether there is testimony to support the finding made by the court. If there is the judgment will not be disturbed. (Citing cases.)" (p. 698.)

The application of the principle to the instant case conclusively shows the order of the trial court allowing attorney fees cannot be disturbed. The judgment is affirmed as to both the appeal and cross-appeal.

FATZER, J., not participating.