No. 44,938

CONSTANCE K. WILES, *Appellee*, v. RICHARD E. WILES, *Appellant*.

(438 P. 2d 81)

Opinion filed March 9, 1968.

John H. Foard, of Kansas City, Missouri, argued the cause, and *Howard E. Payne, W. C. Jones, Robert P. Anderson, Keith Martin, Thomas H. Payne,* and *John H. Johntz, Jr.,* all of Olathe, were with him on the briefs for the appellant.

John W. Breyfogle, Jr., of Olathe, argued the cause, and *Hugh H. Kreamer,* of Olathe, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by defendant-appellant, Richard E. Wiles, from an award of attorneys' fees in a divorce action instituted by his wife, Constance K. Wiles, plaintiff-appellee.

A settlement agreement was approved and incorporated in the decree wherein a divorce was granted to plaintiff. In the settlement agreement, defendant agreed to pay plaintiff's attorneys such sum as might be approved by the trial court. The right to appeal was reserved by defendant.

Several days after the divorce was granted a hearing was had on the issue of attorneys' fees. Plaintiff's two attorneys submitted a memorandum in which their services during the course of the proceedings were summarized. The plaintiff also produced three attorneys who testified as expert witnesses. The memorandum, in lieu of a statement by plaintiff's counsel, was received by the court without objection. Defendant called plaintiff's attorneys as witnesses and cross-examined them concerning their memorandum. The defendant also testified. His brief testimony consisted only of an attack on the credibility of one of plaintiff's expert witnesses. After hearing the evidence and reexamining the settlement agreement,

the trial court found the sum of $22,500.00 to have been earned by plaintiff's attorneys and entered judgment in that amount in favor of plaintiff and against defendant. After his motion for rehearing was heard and denied defendant perfected this appeal.

Defendant contends the award of attorneys' fees is not supported by the evidence.

The action was filed April 19, 1965. A property settlement agreement was arrived at on May 27, 1966, and the divorce suit was heard on the same day. In the course of the proceedings, five depositions were taken. They dealt primarily with establishing the nature and value of defendant's assets. Property appraisals were made in Johnson County, Kansas, Kansas City, Missouri, New Mexico and Minnesota.

The combined assets of the parties totaled approximately $1,600,000.00, of which plaintiff's separate property amounted to about $200,000.00. In addition defendant owned life insurance of a face amount of $150,000.00, and a cash value of about $76,000.00. The record also indicates that on his fortieth birthday in July 1967 defendant came into possession of stocks valued at over $900,000.00, previously held for defendant's benefit in a trust established by his grandfather.

In addition to her separate property, set off to her, plaintiff was awarded stock of the value of $550,000, a sum not to exceed $75,000 in cash to be used in the purchase of a home, and most of the household goods and furniture in the home previously occupied by the parties.

Plaintiff was granted custody of the four minor children of the parties. The court approved defendant's agreement to pay child support for each child in the amount of $2,500.00 per year. The payments were secured by a lien imposed on defendant's life insurance.

At the hearing on the allowance of attorneys' fees, plaintiff called three prominent and experienced attorneys of the area to testify as experts. When interrogated as to fees their opinions ranged from a minimum of $24,000.00 to a maximum of $40,000.00. Their testimony was not objected to by defendant; nevertheless, he now argues it should not be considered since it was based primarily on the memorandum prepared by plaintiff's attorneys in which they summarized their services and estimated the time spent collectively

at more than 600 hours. Defendant called plaintiff's attorneys as his witnesses and examined them at length concerning their computation of hours spent in the case, as well as other matters contained in the memorandum. One of plaintiff's attorneys testified that all statements contained in the memorandum were true. Although he offered no such evidence at the hearing, defendant in his brief computes a total of 306 hours which he claims would have been adequate to perform the services set out in the memorandum of plaintiff's attorneys.

Together with its consideration of other evidence, which we have noted, the trial court heard and weighed the testimony of the expert witnesses. To reweigh such testimony or reassess its credibility is not our function on appellate review.

In considering an allowance of attorneys' fees under K. S. A. 1967 Supp. 60-1610 (*f*), and predecessors thereof, this court has repeatedly said the reasonable value of such fees rests largely in the sound judicial discretion of the trial court. The only function of this court is to examine the record in order to ascertain whether there is evidence to support the award; if there is the judgment will not be disturbed. (*Bennett v. Bennett*, 175 Kan. 692, 266 P. 2d 1921; *Brooker v. Brooker*, 199 Kan. 783, 433 P. 2d 363; *Craig v. Craig*, 197 Kan. 345, 416 P. 2d 297; *Murray v. Murray*, 189 Kan. 679 371 P. 2d 125; *Crosby v. Crosby*, 188 Kan. 274, 362 P. 2d 3.)

In this case the record reflects ample competent evidence to support the trial court's judgment, therefore it cannot be disturbed.

Defendant cites only the case of *Craig v. Craig*, supra, wherein an award of attorneys' fees was reduced by this court. In *Craig* we specifically noted the absence of competent testimony supporting the trial court's award, a circumstance not existing in the instant case.

Defendant claims the trial court erred in basing the judgment on the fact that plaintiff's attorneys had requested a fee of $25,000.00 in an offer of settlement, submitted to defendant, previously to that finally agreed upon. This matter was mentioned by plaintiff's attorneys in their memorandum in reciting their services in the prolonged negotiations finally culminating in the settlement agreed upon. The final settlement agreement, however, merely provided that defendant agreed to pay plaintiff's attorneys such sum, as may be approved by the court, as being earned. At the hearing one of

plaintiff's attorneys testified that there were many things other than attorney fees in the previous offer which were not agreed upon. To impose the claimed error would require conjecture by us, which cannot be justified from this record. To the contrary, we believe the record clearly indicates the trial court based its decision on the evidence as to what was earned by plaintiff's attorneys.

No error has been made to appear and the judgment is affirmed.