No. 45,915

Thelma B. Winn, *Appellant,* v. George L. Winn, *Appellee.*

(482 P. 2d 16)

Opinion filed March 6, 1971.

*Terry O'Keefe,* of Wichita, argued the cause and was on the brief for the appellant.

*Greer Gsell,* of the firm of Hershberger, Patterson, Jones and Thompson, of Wichita, argued the cause, and *H. E. Jones,* of the same firm was with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: In this appeal plaintiff-appellant, Thelma B. Winn, attacks a divorce decree in the following particulars: (1) The trial court abused its discretion in refusing to tax as costs witness fees of two experts, hired by plaintiff in the preparation of her case; (2) the division of real and personal property was not just and reasonable; and (3) the alimony awarded plaintiff was not fair, just and reasonable.

The parties were married in 1948. A few months later defendant-appellee, George L. Winn, was called into the military service and spent ten months in Korea. Thelma worked while George was in the service, and on his return the parties had sufficient funds to purchase a new automobile for George's use in his employment as a traveling salesman for an office supply company. A few months after George's return from the service, the parties purchased the

Kansas Fire Equipment Company for approximately $3,000. Most of the purchase price was raised by selling the new automobile.

In 1954, the parties purchased a competitor's business consisting of two used vehicles, and service account lists for approximately $8,000.

Their business continued to prosper and in 1957, the parties purchased the business of another competitor—located in Hutchinson —which was merged with the Wichita enterprise.

Earnings of the business continued to increase, and the parties accumulated both real and personal property. By 1967 the total income from all sources had grown to more than $38,000.

While the parties prospered in their business endeavors, their marital relationships deteriorated. Thelma filed this action on March 8, 1968.

A son and a daughter were born during the marriage. David was fifteen years of age and Martha Lee eleven when the divorce action was filed.

The action was tried in two parts. Thelma was granted a divorce, custody of Martha Lee, and child support in the amount of $150 per month. George was awarded custody of David.

The case then proceeded to trial on the questions of division of property and alimony. There was some conflict in the testimony concerning the value of the residence and other real and personal property; the only serious conflict, however, related to the value of the fire equipment business.

Thelma was awarded alimony in the amount of $100,500.00, payable $500 per month for 36 months and $750 per month for 110 months, terminable on death or remarriage. The alimony award was made a judicial lien on real estate and life insurance awarded to George.

The trial court then proceeded to divide the assets of the parties, taking into account their considerable liabilities. The residence was awarded to Thelma and the business to George. Under the valuations arrived at by the trial court, the total net value of the assets amounted to $102,614.00. Assets valued at $48,000 were awarded to Thelma, and net assets of $54,614, including the business valued at $34,274, were awarded to George. George was ordered to pay all outstanding obligations, which totaled more than $40,000.00.

Thelma filed a motion to alter or amend the judgment, which was overruled and this appeal followed.

In her first point on appeal, Thelma contends the trial court abused its discretion in refusing to hear testimony of her two expert witnesses concerning their fees and subsequently in denying allowance of such fees as costs in the case. The two witnesses were a real estate broker, who testified as to the value of the real property, and an accountant, who gave his valuation of the fire equipment business.

At the conclusion of his testimony on direct examination, the real estate broker was asked the amount of his fee for making his appraisals. Defendant's counsel objected on the ground the fee was not a pertinent item. The objection was sustained. A like ruling was made when an objection was made to a similar question put to the accountant.

Plaintiff contends that even though the taxing of costs under K. S. A. 1970 Supp. 60-1610 (f) rests solely in the judicial discretion of the trial court, discretion was abused here because evidence of costs was completely excluded.

Defendant points out that when plaintiff filed her petition she also filed, pursuant to K. S. A. 60-1607 (d), an application for a restraining order, temporary child custody, partial attorney fees, court costs, etc. The trial court, *ex parte*, granted plaintiff's application, directing defendant to pay $200 advance attorney fees, $25 court costs, and $710 monthly for plaintiff's care and support for herself and children pending trial of the divorce action. A week later, in an adversary proceeding initiated by defendant, the $710 per month was reduced to $510. In the course of the pretrial proceedings plaintiff made no claim that experts were necessary in the preparation of her case, nor did she request funds for such purpose.

Apparently, the trial court took the view that if plaintiff deemed experts necessary in the preparation of her case she should have included a request therefor in her application under 60-1607 (d), when a hearing to determine the matter could have been had prior to trial.

In addition to the allowance to plaintiff on her application, under 60-1607 (d), costs and attorneys' fees were awarded under K. S. A. 1970 Supp. 60-1610 (f). The journal entry of judgment discloses that plaintiff's attorneys were allowed a fee of $7,500, which defendant was directed to pay in addition to the costs of the action. Presumably, the costs included statutory witness fees authorized by K. S. A. 60-2003, and fixed at five dollars per day by K. S. A. 1970 Supp. 28-125.

*K. S. A. 1970 Supp. 60-1610 (f) reads:*

"Costs and attorneys' fees may be awarded to either party as justice and equity may require."

Under 60-1607 (*d*) and 60-1610 (*f*), *supra*, the district court is vested with wide discretion in the allowance of costs and attorneys' fees. Such discretion will not be disturbed unless an abuse of discretion clearly appears from the record. (*Brooker v. Brooker*, 199 Kan. 783, 433 P. 2d 363; and *Craig v. Craig*, 197 Kan. 345, 416 P. 2d 297.)

Under the circumstances related, we find no showing here which would justify disturbing the trial court's ruling in this regard.

The basic controversy in this appeal is plaintiff's dissatisfaction with the trial court's division of property and allowance of alimony. Plaintiff states her position in these terms:

". . . the division of property was not done according to statute, K. S. A. 1967 Supp., 60-1610 (*b*), and that the trial court abused its judicial discretion in denominating the $100,500.00 payment to be made to Appellant as alimony subject to death, remarriage or further order of the Court and the equity and justice require then the trial court's judgment be modified to make the payment of said $100,500.00 part of the division of property and not alimony and that Appellant be allowed interest on the payment thereof."

Plaintiff further submits that in addition to the property division she should be awarded $300 per month as alimony subject to her death, remarriage or further order of the court.

The actual dispute centers around the value of the fire equipment company, which plaintiff claims to be $200,000.00 in contrast to the court's finding of $34,247.84. The testimony of plaintiff's accountant and that of defendant is the only evidence as to the value of the business.

Plaintiff's witness Donald F. McKenzie, a certified public accountant, gave his opinion that the fire equipment business was worth $200,000.00; however, he admitted that he was not familiar with this type of business. McKenzie also acknowledged that defendant was the primary driving force of the business, and that "owner-managers" of the sole proprietorship are important factors in determining the value thereof.

Defendant testified that the physical assets of the business were worth $30,247.84; that the fire equipment companies sold for book value, plus one dollar per customer; that he had about 4,000 customers; and thus he fixed the value at $34,247.84. Defendant testi-

fied that he had bought out two competing fire equipment businesses on that same basis—value of physical assets, plus card files of customers.

The trial court fixed the value of the business at $36,090. In ruling on plaintiff's motion to alter and amend, the trial court had this to say concerning the value of the business and the award of alimony:

"THE COURT: All right, gentlemen. I might just make this observation. The Court did spend a great deal of time in arriving at this decision, and we did have everything before us at that time. I would like to also observe that in the opinion of the Court, the value of the Kansas Fire Equipment Company is a very nebulous thing. The inventory and equipment are not great, and the company really consists almost entirely of Mr. Winn's sales ability, Mr. Winn's personality and his contacts with his customers, and it's a potential value that is there, but if the business were to be sold, there would be very little there to sell other than existing good will, and how much of this can be carried over, I have no idea.

"The Court in making this award attempted to take into consideration not only the values that I had before me, but also the expenses and liabilities which Mr. Winn was ordered to assume, and I don't recall the figures from the evidence that I had before me, but I assume this figure you have here of some $36,090.00 is correct. When you consider the value of a business, and in an actual value, as I said, it's very difficult to put a figure on it, but I don't think that it would [be] anywhere close to approximate $200,000.00 other than what its potential is in producing income in the future due to Mr. Winn's sales ability.

"I might comment further that, as I explained to Mr. Coombs at the time that I imposed this provision of termination of the alimony upon death or remarriage, and I would like to have Mrs. Winn understand the reason for this, and I explained to Mr. Coombs at the time that we did have a very flagrant case here in Sedgwick County several years ago where the court awarded a lump sum alimony judgment to the wife. Shortly after the divorce this woman was remarried, and within a month she passed away. The husband inherited this judgment from her and ended up with the first husband paying the second husband an alimony judgment amounting to several thousands of dollars—I think it was in the neighborhood of $50,000.00—over a period of years, and it was to correct this type of situation that the legislature empowered the court to make such an order, and I will go so far as to direct that the journal entry be revived to designate those portions which should be alimony if it is not spelled out with particularity."

Without reciting in detail defendant's description of the business, we think his testimony constituted ample evidence to support the trial court's findings. Defendant's testimony was backed by his long experience and expertise in the fire equipment business. In contrast, Mr. McKenzie, in testifying for plaintiff, admitted he was

not familiar with the type of business concerned. McKenzie's evaluation appeared to rest largely upon the income producing capacity of the business, which in turn has depended more upon defendant's talent as a salesman than upon the asset value of the business.

Plaintiff makes a point concerning some of defendant's testimony on cross-examination relating to the value of the business. Defendant was asked what he would sell the business for, he answered "I would be glad to trade it in this divorce for a hundred thousand dollars or less." Plaintiff would make this testimony an admission by defendant that his business was worth $100,000. The trial court refused to give the statement the construction sought by plaintiff. Defendant obviously did not intend the statement to be construed as expressing his idea of the fair market value of the business, he merely stated that he would trade it "for a hundred thousand dollars or less in this divorce action." As we have previously noted, on direct examination defendant drew upon his own experience in purchasing other fire equipment businesses and his special knowledge of the nature of the business, in arriving at the formula for value consisting of physical assets, plus the number of customer accounts.

As indicated in its findings, the trial court believed that, to a great extent, the success of the business was due to defendant's sales ability and his contacts with his customers, neither of which would be much of a factor in the value of the business if it were sold. Undoubtedly, the ability of defendant to meet his considerable payments of alimony and child support depend upon his continuing to produce income which in turn rests largely upon his business knowledge and gifted salesmanship. If the business were ordered sold and the proceeds divided, defendant's earning capacity and his ability to make the alimony and child support payments would be seriously jeopardized.

K. S. A. 1970 Supp. 60-1610($b$) provides that the property of the parties shall be divided in a just and reasonable manner. There is no rule of law, statutory or otherwise, for determining what proportion of the property is to be allotted to individual parties; nor is it the prerogative of this court to divide property between husband and wife. This court's sole function is to review the record for the purpose of determining whether the trial court's findings have a factual basis in the evidence and whether its discretion, with respect to such division, has been abused. (*Sinclair v. Sinclair,* 204

Kan. 240, 461 P. 2d 750; *Folk v. Folk*, 203 Kan. 576, 455 P. 2d 487; and *Clugston v. Clugston*, 197 Kan. 180, 415 P. 2d 226.)

Nothing would be gained by extending this opinion on this phase of the case. It is sufficient to say we have carefully examined the record, considered the amount of alimony awarded, the fact that a judicial lien was imposed on defendant's property as security for the payment thereof, other facts and circumstances; and conclude the plaintiff has failed to affirmatively show the trial court's division of the property was unjust or unreasonable so as to amount to a clear abuse of discretion.

Plaintiff claims the trial court's order terminating alimony on her death or remarriage amounts to an abuse of discretion. The trial court carefully explained the reasoning behind its order in this regard. The reasoning of the trial court, and the order based thereon, is clearly in line with what this court had to say about the continuance of alimony after remarriage of the recipient thereof in *Herzmark v. Herzmark*, 199 Kan. 48, 427 P. 2d 465.

We find no affirmative showing of abuse of discretion. The judgment is affirmed.