(561 P.2d 904)
No. 48,332

SALVATORE ANTHONY SCIMECA, *Appellant,* v. MARITA LENSKI SCI-
MECA, *Appellee.*

Opinion
filed March 4, 1977.

*Robert F. Duncan* of Duncan, Senecal, Bednar and Mears, Chartered, of Atchison, for the appellant.

*Robert D. Caplinger* of Stillings & Caplinger, Chartered, of Atchison, for the appellee.

*John S. May* of May and Tuley, of Atchison, former counsel for appellee.

PARKS, J.: This is an appeal from the trial court's allowance of attorneys' fees in a case in which a petition and cross-petition for divorce were dismissed because no common law marriage existed between the parties. The fees were assessed to the plaintiff. He appeals.

The merits of the divorce action and the decision of the court to dismiss the action are not at issue before this court.

John Foust of Iola, Kansas, was retained by the defendant, Mrs. Scimeca, in 1971. He remained counsel of record for defendant

throughout this case. John May of Atchison, Kansas, was consulted briefly about his appearance in this case at an early stage but did not enter into any active part until the contempt citation proceeding was initiated against the defendant. During the pendency of the accusation in contempt proceeding, John May became a petitioner against the defendant, Mrs. Scimeca, in the probate court of Atchison County, Kansas. A jury trial was held and the defendant was referred to the Osawatomie State Hospital. She was a patient in the hospital during much of the time the present case was pending. Defendant was and had been mentally ill for several years.

An interlocutory order requiring plaintiff to pay John Foust $500.00 in attorney fees was issued in December 1971. Defendant retained William Brady in the fall of 1972. Legal services were performed by Mr. Brady's firm until the conclusion of the case on March 28, 1975. On September 3, 1974, John May was permitted to withdraw from the case as defendant's counsel. The trial court's notes of the same date reflect that the question of attorneys' fees for defendant's attorneys was reserved to abide the event, including the attorney's fees of John May.

The trial court in its journal entry dated February 20, 1975, and filed March 28, 1975, dismissed the plaintiff's petition and defendant's cross-petition and withheld the matter of costs and attorneys' fees for defendant's attorneys until further argument could be had thereon.

On April 9th and 10th of 1975, the court heard defendant's application for reasonable attorneys' fees for William Brady, John May and John Foust. John Foust did not appear but furnished a letter to the court dated April 3, 1975, and conversed with the judge by telephone regarding his fees. Maurice O'Keefe, Jr., an Atchison attorney, appeared as a witness and testified on the question of the reasonableness of the defendant's attorneys' fees.

The following is an excerpt of the journal entry as it related to the awarding of attorney fees:

"Thereafter, and on April 10, 1975, the matter again came on for hearing from the continuance of the previous day, and at the conclusion of both plaintiff and defendant's evidence, the court finds that it had reserved its ruling on attorney fees from the previous hearings herein and that plaintiff should be ordered to pay as reimbursement for attorney fees for defendant, payable to the Clerk of the District Court, the sum of Six Hundred Seventy-Five Dollars ($675.00). The court further finds that attorneys William J. Brady and John O. Foust should be paid the

sum of Twenty-One Hundred Dollars ($2,100.00) aggregate. The court further finds that John S. May and John O. Foust should be paid the sum of Twenty-One Hundred Dollars ($2,100.00) aggregate. The court finds that the Five Hundred Dollars ($500.00) allowed previously to Mr. Foust is to be in addition to the above allowance. The court further finds that plaintiff pay the costs ʰerein."

Plaintiff argues that there is no statutory basis for the allowance of attorney fees in a case in which the divorce was dismissed as to both parties.

Plaintiff points out that the court is limited by K.S.A. 60-1606 to provide only for the custody of minor children and division of property when a divorce is refused for any reason other than the fault of the parties. He further points out that K.S.A. 60-1610 provides, "A decree in an action under this article may include orders on the following matters. . . ." He then argues that no decree of divorce or separate maintenance was granted in this case and that we must find the requisite statutory authority for the allowance of attorney fees elsewhere.

In support of his position, plaintiff has cited *Gault v. Board of County Commissioners*, 208 Kan. 578, 493 P. 2d 238. In Syl. 6, it is stated:

"Attorney fees and expenses of litigation, other than court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefor. . . ."

Mr. Brady's firm counters that K.S.A. 60-1610(*f*), now K.S.A. 60-1610(*g*), authorizes the court to make such orders as to costs and attorneys' fees as "justice and equity may require." Counsel for defendant argues that plaintiff is the party who filed the action; he is the one who caused defendant to obtain legal counsel; he is the one who created the necessity for the legal work to be performed on behalf of defendant; and it is plaintiff's action which resulted in the dismissal of this case. He further argues that defendant should be allowed attorneys' fees under K.S.A. 60-1607(*d*).

In opposing the arguments of plaintiff, Mr. John S. May, former counsel for defendant, states that the action of the court in finally allowing the attorneys' fee is nothing more or less than a continuation of its authority under K.S.A. 60-1607(*d*).

After a petition for divorce has been filed, the judge may make orders making such provisions, if necessary, for the expenses of suit, including reasonable attorney fees, as will insure to either

party efficient preparation for the trial of the case. (K.S.A. 60-1607.)

As we have noted earlier, the previous orders of the trial court held in abeyance any determination of attorneys' fees until the conclusion of the trial. The only exception was the $500.00 allowance made to Mr. Foust in the early stages of the case.

It is interesting to note from the record that only three-fourths of a day was spent in the actual trial of the case. The remaining time, except as noted later in this opinion, was spent in preparation for the trial of the case.

In *Brooker v. Brooker,* 199 Kan. 783, 433 P. 2d 363, the court said:

"Under our statutes K.S.A. 60-1607(*d*) and K.S.A. 60-1610(*f*), now K.S.A. 1965 Supp. 60-1610(*f*), costs and attorney fees for the preparation and trial of the case may be awarded to either party as justice and equity may require. The district court is vested with wide discretion to determine both the amount and the recipient of an allowance of attorney fees. Such discretion will not be disturbed on appeal unless an abuse of discretion clearly appears from the record. (*Craig v. Craig,* 197 Kan. 345, 416 P. 2d 297; *Crosby v. Crosby,* 188 Kan. 274, 362 P. 2d 3; *Murray v. Murray,* 189 Kan. 679, 371 P. 2d 125.)" (p. 786)

Appellate courts, as well as trial courts, are experts as to the reasonableness of attorneys' fees and may, in the interest of justice, fix counsel fees when in disagreement with views of the trial judge. (*Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P. 2d 681; *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 366 P. 2d 219; *Lattner v. Federal Union Ins. Co.,* 160 Kan. 472, 163 P. 2d 389.)

What has been said disposes of the plaintiff's argument that there was no statutory basis for allowance of attorneys' fees in this case. We agree that the trial court had authority to grant attorneys' fees under K.S.A. 60-1607(*d*), and correctly concluded that such fees were allowable.

The plaintiff's argument that the time spent by John S. May, as petitioner against the defendant in the mental illness proceeding and for services rendered after his withdrawal, is not compensable, is more persuasive. We are unable to see how such matters may be considered as part of the preparation for trial in this divorce case. K.S.A. 60-1607 clearly negates the theory that an allowance of fees for such collateral proceedings is authorized.

In this connection, we have concluded that the motion filed by John S. May, former counsel for defendant, for attorney fees and expenses for appeal to this court be denied.

The judgment below is affirmed (a) insofar as the allowance of fees to Mr. Brady and Mr. Foust; (b) insofar as it determined that reimbursement should be made of attorney fees paid by the defendant to the Clerk of the District Court in the sum of $675.00; and (c) insofar as it determined that plaintiff should pay the costs of the action. It is reversed insofar as it required an allowance of attorneys' fees to Mr. May and Mr. Foust based on the services rendered by Mr. May in the probate court and after his withdrawal. This case is remanded to the trial court for further proceedings in accordance with the views herein expressed.