(595 P.2d 349)

No. 49,896

NELMA JUNE DUNN, now NELMA JUNE MILLER, *Appellant,* v. CURTIS E. DUNN, *Appellee.*

Opinion filed May 25, 1979.

*Dwight Wamsley,* of Wichita, for appellant.

*John C. Frank,* of Wichita, for appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is an appeal from an order granting attorney fees to defendant, pursuant to K.S.A. 1978 Supp. 60-1610(*g*), in an action brought by Nelma Miller seeking a change in custody of the parties' minor children. On appeal she contends that the trial court abused its discretion in awarding attorney fees in the amount of $4,500 to her former husband, Curtis Dunn. We agree.

Attorney fees are allowable in proceedings for the modification of child custody orders. *Tyler v. Tyler,* 203 Kan. 565, 455 P.2d 538 (1969). K.S.A. 1978 Supp. 60-1610(*g*) provides that "[c]osts and attorneys' fees may be awarded to either party as justice and equity may require." Pursuant to this statute, the district court is vested with wide discretion to determine both the amount and the recipient of an allowance of attorney fees. *Baker v. Baker,* 217 Kan. 319, 321, 537 P.2d 171 (1975). Upon review of an award of attorney fees, the appellate court does not reweigh the testimony or evidence presented nor reassess the credibility of witnesses. *Wiles v. Wiles,* 200 Kan. 574, 576, 438 P.2d 81 (1968). The trial

judge is considered an expert in determining attorney fees (*St. Clair v. St. Clair,* 211 Kan. 468, Syl. ¶ 7, 507 P.2d 206 [1973]); and an attorney fee award will not be set aside on appeal when supported by substantial competent evidence. *Tyler v. Tyler,* 203 Kan. at 575. However, "[w]here the exercise of discretion is arbitrary and not judicial, and the judgment is inequitable, it will be set aside." *St. Clair v. St. Clair,* 211 Kan. at 499.

Although Mrs. Miller argues that the amount of attorney fees awarded is excessive, we are not critical of the amount of time expended by the father's attorney nor of the fee charged by him, which was well within permissible guidelines. The case was ably presented by experienced trial counsel who obviously spent considerable time ensuring that his client's case would be presented in an effective manner. If the reasonableness of the *amount* of the fee and the evidence to support the same were the only questions presented, we would have no hesitancy in affirming the award.

We are of the opinion, however, that the trial judge abused his discretion as the result of a combination of two reasons. It appears from the record there is a strong likelihood the trial judge awarded the fees at least in part to discourage future motions for change of custody. The record also indicates that the trial court failed to consider the relative financial ability of the parties to pay.

The record reflects the trial judge was concerned that Sedgwick County had made three child custody investigations within five years at considerable expense to the county. The first investigation was made as part of the original custody order which granted custody of the two girls to Curtis Dunn. Mrs. Miller filed a motion to change custody in 1975, which was denied, and in May of 1977 she filed the motion which is now before us. Reports in the record disclose that the girls, now twelve and thirteen years of age, both strongly requested and urged a change of custody to their mother. The reports further reflected that the mother has control of a past drinking problem, has remarried, and that her present home and husband furnish a suitable environment for the girls. Mrs. Miller is thirty-seven years of age and Curtis Dunn is sixty-six years of age.

In order to ensure that the present motion was not frivolous, the trial court had the investigation conducted in three stages and examined the results at each stage before proceeding to the next

one. Although the trial court at one point stated that the case had become vexatious to Curtis Dunn and the taxpayers of Sedgwick County, a request that a finding be made that the motion was done for harassment or that it was frivolous was declined. Such a finding would be inconsistent with the record. Indeed, the preliminary report recommended that custody be changed to the mother. Diligent effort on the part of Curtis Dunn's counsel neutralized that report, for the ultimate report stated that both homes were quite acceptable and the investigator did not find that a change of custody should be made.

After reciting that the case was a burden to Curtis Dunn, the taxpayers and the court, the court stated:

"Now, I am of the opinion that this litigation has got to end some place. I can't order it ended but I can deal with the situation that I have. '. . .

"The only solution that I have—I can't order the controversy to end, I can award attorney fees; that the party bringing the case to court is going to be responsible for it and that's about all I can do but that's what I intend to do.

"I will grant Mr. Frank his request of $4,500.00 attorney fees, to be taxed as costs to be paid by Mrs. Miller."

On the motion for rehearing, the court commented on the size of the fee and stated:

"[T]he expense to the county was astronomical in this one case alone; the time involved in this one case alone had almost become a burden on the Court. I felt it was time the litigation ended and that was part of my justification of that."

It thus appears that the trial judge awarded attorney fees to Curtis Dunn at least in part to discourage further motions in the case. We do not imply by this decision that the trial court may not award attorney fees without regard to the ability of the parties to pay when frivolous and unjustified motions are filed to modify child custody orders or child support orders, for it is within the court's discretion to do so. We are not unmindful, however, that Curtis Dunn will be seventy-three years of age the day after his youngest daughter reaches the age of majority. The girls' needs or Curtis Dunn's health may necessitate additional proceedings in this case in the future, and the courts should be open for that purpose without the fear that financially crippling attorney fees will be awarded to prevent litigation that has been instituted in good faith.

When the strong likelihood that the trial judge awarded attorney fees at least in part to discourage future motions for change of

custody is considered along with the parties' financial ability to pay, we have no difficulty in concluding that the trial judge abused his discretion in awarding attorney fees. The original divorce decree awarded substantially all of the property to Curtis Dunn and gave Mrs. Miller an eight-year-old car, the household furniture and alimony of $100 a month for two years. The record does not reflect that Mrs. Miller has any assets from which to pay the award of attorney fees. While she is employed, her employment requires her to commute to Wichita five days a week, and she is compensated $175 a week from which we assume she must pay social security, taxes and the cost of commuting. Curtis Dunn was awarded real estate in Wichita, a restaurant (which he subsequently sold), and an eighty-acre farm. The report shows that he has an annual income from the farm and from investments of $30,000.

The Supreme Court of Kansas has awarded attorney fees to litigants who were able to pay and has rejected the argument that when the other party is able to pay, it should pay at least a portion of the fees. *Small v. Small,* 207 Kan. 506, 507, 485 P.2d 1365 (1971); *Brooker v. Brooker,* 199 Kan. 783, 433 P.2d 363 (1967). As pointed out in *Brooker* at 786, the statute (K.S.A. 60-1610) allows attorney fees to be awarded to either party *as justice and equity may require.* While justice and equity has been interpreted in Kansas to allow attorney fees to be awarded to a party who is able to pay, we note that in each of the cases we have examined, the party ordered to pay them has had ample assets or earning power to pay the judgment.

Whether or not under the statute an allowance should be made for attorney fees must rest in the judicial discretion of the trial judge, and the conditions and circumstances of each case must be considered to determine whether that discretion is abused. Traditionally, attorney fees are awarded to a party to enable that person to assert marital rights that might not otherwise be protected. A number of jurisdictions allow the necessities of one party to be weighed against the financial ability of the other in awarding attorney fees. See, *e.g., Lopez v. Lopez,* 206 Md. 509, 112 A.2d 466 (1955); *Moreland v. Moreland,* 232 Or. 309, 374 P.2d 741, *rehearing denied* 232 Or. 321, 375 P.2d 242 (1962); cases cited in 24 Am.Jur.2d, Divorce and Separation § 580 n. 7, and 57 A.L.R.3d 475.

Our Supreme Court has heretofore taken this position when it determined that the statute in question must be implemented in alimony cases by considering the needs of one party and the ability of the other party to pay. *Moran v. Moran,* 196 Kan. 380, 386, 411 P.2d 677 (1966). We see no valid reason not to apply the reasoning in *Moran* to a motion for change of custody, and when we do so, we find the award of attorney fees to Curtis Dunn under the circumstances to be an abuse of discretion. Appellant's request for attorney fees on appeal is denied.

Reversed.