NOT DESIGNATED FOR PUBLICATION

No. 117,278

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

IVAN OLDENBURG,
*Appellant*,

and

KALINA GUSTAFSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Opinion filed April 13, 2018.
Affirmed in part and vacated in part.

*Christopher C. Barnds*, of Copley Roth & Davies, LLC, of Overland Park, for appellant.

No appearance by appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Disputes among parents over parenting time, custody, support, and tax exemptions can be daunting. Here, Ivan Oldenburg appeals the denial of his motion to modify prior orders of the district court and the district court's award of attorney fees to Kalina Gustafson. Upon review, we find the denial of Oldenburg's motion to modify how the child tax exemption should be shared by the parties was supported by the evidence. As to the order awarding attorney fees in the amount of $3,000, we find the district court abused its discretion by raising the issue sua sponte and awarding the attorney fees when

1

no motion was pending before it asking for attorney fees. Affirmed in part and vacated in part.

FACTS

The Oldenburgs divorced in 2012. The decree of divorce reflects they have two children and further provided: "In 2013 and beyond, the dependent exemptions shall be split assuming the obligor parent is current on child support as of December 31 of each year." The parenting plan within the decree of divorce called for the parties to have joint legal custody of their minor children, with Gustafson having primary residential custody and Oldenburg having parenting time for one week a month. At the time of the divorce, the parties' two children were one and two years old.

In practice, the parenting plan did not go well. On August 14, 2015, Oldenburg filed a motion (misidentified as the respondent's counter-motion) to modify the parenting plan, including a change of residential custody. The district court held a trial on July 13, 2016, to address Oldenburg's motion to modify the parenting plan and child support as well as his motion to enforce tax provisions. Oldenburg appeared with counsel, and Gustafson appeared pro se.

On September 9, 2016, the district court filed a memorandum decision and journal entry modifying the parties' parenting plan and child support. In its memorandum decision, the district court denied Oldenburg's motion to change residential custody. In addition to modifying the amount of child support Oldenburg was supposed to pay, the district court addressed the amendment of the 2014 and 2015 tax returns, stating: "The parties shall each take one child as an income tax dependent exemption. [Oldenburg's] right to take this exemption shall be contingent on his child support being current as of December 31st of each year."

2

The district court also granted Gustafson an award of attorney fees finding Oldenburg had "used the court system to continue to demonize, threaten and financially abuse [Gustafson], culminating in this motion and hearing." The district court further found that Gustafson appeared pro se at the trial:

"[H]er previous counsel drafted several substantive pleadings, has participated in phone conferences with the Court, and up until a certain point in time negotiated with opposing counsel. [Gustafson] undoubtedly has paid him or owes him several thousand dollars. [Oldenburg] shall pay to [Gustafson] $3,000 as attorney's fees. This sum is a fraction of the attorneys' fees [Oldenburg] and his friend have spent pursuing this matter."

On October 7, 2016, Oldenburg filed a motion to alter or amend the judgment. He argued the district court's memorandum should have included orders requiring the parties to amend the 2014 and 2015 tax returns to allow him to claim one of the children since Gustafson had claimed both children on her 2014 and 2015 tax filings. According to Oldenburg, Gustafson "stipulated to" filing amended returns for these years at trial and in later email communication to the court. Oldenburg also wanted the district court to alter or amend the portion of its memorandum awarding Gustafson $3,000 in attorney fees. He argued Gustafson never requested attorney fees at trial or presented any evidence to support any attorney fees she incurred.

On December 9, 2016, the district court filed a journal entry denying Oldenburg's motion to alter or amend the judgment. Regarding Oldenburg's argument about the 2014 and 2015 tax returns, the district court ruled:

"Father had a child support arrearage when he moved for modification in August 2015. He remained in arrears at the end of 2015, so paragraph 52 of the Memorandum Decision will not be altered or amended. If the parties have a present agreement in regard to 2014 the Court will approve it. However, the Court would point out that given father's income in 2014 (or 2015) it is doubtful that he owed much, if anything, in taxes. He was

3

probably in arrears at the end of 2014 as well. At the same time mother had an income similar to what was imputed to her. The dependent exemption was more valuable to her. The Court strongly suggests that rather than file amended returns, father produce his 2014 return and demonstrate the tax savings had he claimed one dependent exemption. That amount can then be credited against his arrearage by separate order."

Regarding attorney fees, the district court stated:

"Petitioner's request to modify the attorney's fee award is denied. The award is minimal in light of the Court's finding that, 'Despite almost nothing having changed since the trial of this case in 2012, father has used the court system to continue to demonize, threaten and financially abuse mother, culminating in this motion and hearing.'"

Oldenburg filed a timely notice of appeal from the district court's denial of his motion to require the parties to amend their 2014 and 2015 tax returns and its decision to award Gustafson attorney fees.

ANALYSIS

*No requirement to amend the 2014 and 2015 income tax returns*

Oldenburg claims the parties stipulated at the July 13, 2016 trial they would amend their 2014 and 2015 income tax returns. The December 28, 2012 divorce decree stated: "In 2013 and beyond, the dependent exemptions shall be split assuming the obligor parent is current on child support as of December 31 of each year." At the July 13, 2016 trial, Gustafson stated she had claimed exemptions for both children on her tax returns in 2013, 2014, and 2015, because she did not believe Oldenburg was up to date on his child support obligations. Oldenburg agreed he was not up to date on child support in 2014. It appears from the record, Gustafson agreed she would file an amendment for her 2013 taxes to allow Oldenburg to have one exemption. Oldenburg responded it was too

4

late for them to modify their 2013 taxes, so he requested she modify her 2014 taxes instead in order to make sure they were within the IRS's three-year modification period, even though he was not entitled to the exemption for 2014. Eventually the district court stated: "All right. Switch '13 for '14. You'll sign it for '14. We're going to forget '13. . . . And '15 is under advisement."

The district court did not make any specific orders about the specific tax years in the journal entry filed September 9, 2016, or in its orders denying the motion to reconsider. The district court did state it would not modify the language on the dependent exemptions because Oldenburg remained in arrears at the end of 2015, which meant he was not entitled to claim an exemption. Moreover, the district court stated if the parties had an agreement regarding the 2014 taxes, the court would approve it. We find no agreement in the record.

Oldenburg misconstrues the district court's ruling concerning the 2014 taxes. Nothing in the district court's order precluded the parties from filing amended returns for 2014. In fact, in its decision on the motion to reconsider, the district court stated should the parties have an agreement to amend their 2014 tax returns, then the court would approve that agreement. Oldenburg has not shown the district court erred in failing to explicitly order the parties to file amended tax returns in 2014 as no agreement has been presented to the district court.

Moreover, the parties did not "stipulate to" amending their 2015 tax returns. Instead, the parties stated that as long as Oldenburg was not found to have been behind on child support at the end of 2015, he would be entitled to one of the exemptions, and the district court specifically stated it was taking the 2015 tax issue under advisement. In its response to Oldenburg's motion to alter or amend the judgment, the district court clearly made a ruling Oldenburg was not entitled to use the 2015 exemption as he was not current on child support on December 31, 2015. Oldenburg does not challenge that ruling

5

on appeal. The district court did not err in failing to order the parties to file amended tax returns for 2014 or 2015.

*The district court abused its discretion.*

Oldenburg argues the district court abused its discretion in ordering him to pay $3,000 in attorney fees to Gustafson when she did not ask for attorney fees or present any evidence in support of such a request. K.S.A. 2017 Supp. 23-2715 provides district courts in divorce cases with the authority to award attorney fees to either party "as justice and equity require." When a district court exercises its authority and awards attorney fees, the decision is reviewed for an abuse of discretion. *In re Marriage of Patterson*, 22 Kan. App. 2d 522, 534-35, 920 P.2d 450 (1996). A district court abuses its discretion when it acts (1) arbitrarily, fancifully, or unreasonably—when no reasonable person would have taken the view of the district court; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). "Upon review of an award of attorney fees, the appellate court does not reweigh the testimony or evidence presented nor reassess the credibility of witnesses. *Wiles v. Wiles*, 200 Kan. 574, 576, 438 P.2d 81 (1968)." *Dunn v. Dunn*, 3 Kan. App. 2d 347, 347, 595 P.2d 349 (1979).

Oldenburg's complaint surrounds the fact Gustafson did not request attorney fees or present evidence regarding how much she paid her attorney to represent her. Oldenburg is correct. There was no request by Gustafson for attorney fees or evidence presented about the reasonable attorney fees she incurred in this matter before proceeding pro se. It is error for a district court to raise nonjurisdictional issues sua sponte. *Huffmier v. Hamilton*, 30 Kan. App. 2d 1163, 1166, 57 P.3d 819 (2002) (citing *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 [1985]). Here, the district court committed an error of law and, therefore, abused its discretion by

making an award of attorney fees without a request or evidence in support of the request. The award of attorney fees is vacated.

Affirmed in part and vacated in part.