No. 46,090

Rose Marie Wells, *Appellee,* v. Harold P. Wells, Sr., *Appellant.*

(491 P. 2d 907)

Opinion filed December 11, 1971.

*Thomas A. Krueger,* of Emporia, argued the cause, and *George Forbes* and *Stanley R. Ausemus,* both of Emporia, were with him on the brief for the appellant.

*John G. Atherton,* of Emporia, argued the cause, and *Marc A. Hurt,* of Emporia, was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: In this divorce action the defendant husband appeals from the judgment awarding the plaintiff wife alimony and dividing the family property. No complaint is made with respect to the wife being granted the divorce or to the award of child custody and a child support order.

At the outset we have considered plaintiff's several objections to appellate review of defendant's complaints upon the ground of alleged waiver by him of such right by acquiescence in the judgment but we deem them of insufficient gravity to warrant discussion in this opinion. The record reveals defendant's persistent challenge to the two items in the judgment he is now attacking and we proceed directly to the merits of the appeal.

At the time of the divorce hearing the parties had been married twenty-one years. They had three children, two who were independent and a sixteen year old girl living at home. Plaintiff was forty-one years of age. She had a real estate license and sold real estate on a part-time basis. She had sold three or four properties during the past three years and in January, 1969, had earned a $700.00 commission. Defendant's age was not shown. He was employed by the Santa Fe Railway as a conductor. His gross pay in 1968 was $12,655 and he received an expense allowance of

$503.00. The parties had acquired their residential property and three rental houses in Emporia, all subject to mortgage, as well as certain personalty.

The divorce hearing was concluded April 10, 1969, and the entire matter was taken under advisement by the court at which time the court requested further help from the parties in rendering a decision. On August 4, 1969, the court orally announced its decision in the presence of counsel for both parties and it signed a journal entry of judgment embodying that decision which journal entry was prepared by plaintiff's counsel.

The court found defendant had been guilty of extreme cruelty toward plaintiff and it awarded her the divorce. Plaintiff was granted custody of the minor daughter, toward whose support defendant was ordered to pay $100.00 per month until further order of the court, plus her medical expense and railway insurance coverage.

By way of property division plaintiff was awarded the residence property and all household goods and furnishings, one of the rental properties, certain cemetery lots, all of the yard tools and equipment, a 1960 Ford half ton truck and a 1965 Chevrolet Caprice automobile. Defendant was awarded the other two rental properties, certain power tools and other tools and equipment, a 1969 Chevrolet automobile, a 1953 Chevrolet automobile and a 1948 Ford utility truck. The award of all realty was made subject to the indebtedness thereon. Plaintiff was awarded an alimony judgment against defendant in the sum of $20,000, to be paid at the rate of $150.00 per month until plaintiff's death or remarriage, with any unpaid balance to constitute a lien against the real estate awarded to defendant. Additionally plaintiff was ordered to assume an indebtedness of the parties in the sum of $2,450 owing to plaintiff's grandmother and defendant was ordered to assume an indebtedness of $1,900 owing to his mother. Defendant was ordered to pay plaintiff's attorney fees.

Defendant-appellant's first complaint is the trial court did not exercise its independent judgment in dividing the parties' property and awarding alimony, nor did it consider all the relevant factors requisite to such determination but instead merely approved that which it mistakenly thought was the agreement of the parties with respect to property division and alimony. Plaintiff-appellee denies the court so acted. Both parties concede no such agreement was

ever made between them. In an effort to resolve the matter we have reviewed the transcript as well as the record on appeal. Although the exact import of certain colloquy shown therein between court and counsel is not clear, we are unable to determine that the judgment appealed from was reached in the manner asserted by appellant. The record does reveal that before the conclusion of the hearing at which the court orally announced its decision the court was definitely advised no such agreement existed so that any misapprehension it may have had as to any matter was cleared up and dispelled prior to its formal entry of judgment.

Appellant's principal contention is the trial court abused its discretion in making the property division and awarding appellee $20,000 in alimony. Appellant treats the two together, arguing that the total amount awarded to appellee was completely out of line in view of the parties' financial position.

Rules applicable to division of property and alimony have been stated many times and need not be repeated (see *Folk v. Folk,* 203 Kan. 576, 455 P. 2d 487).

The property owned by the parties was divided in kind between them but to detail the evidence respecting it would serve no useful purpose. The difficulty were we to attempt to do so is that with respect to some of the property, no values were shown, and as to other items the testimony as to value either was of an inconclusive nature or varied widely. This is undoubtedly the reason the trial court was calling for help at the conclusion of the hearing and why it made no effort to place valuations on the property when nothing further by way of help was forthcoming. Taking the aspect most favorable to appellee as the prevailing party in the trial court it must still be conceded she received the major share although it would not be possible with any degree of accuracy to ascertain respective percentages. All relevant factors considered, including but not limited to the fact the divorce was granted because of appellant's misconduct, the value and nature of the property shown, the amount of the indebtedness of the parties and their present and future earning capacities, we conclude the alimony judgment of $20,000 is excessive and should be reduced by the sum of $7,500, but remain payable at the rate of $150.00 per month as ordered. The decree is therefore modified to the extent the alimony judgment

is reduced to the sum of $12,500, to be paid at the rate of $150.00 per month. In all other respects the decree is permitted to stand.

The judgment, as modified, is affirmed.

APPROVED BY THE COURT.

O'CONNOR and PRAGER, JJ., not participating.